UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - x
                        :

UNITED STATES OF AMERICA    :

     -v-                 :

JAIME CASSUTO,               :
     a/k/a "Jay Cassuto,"   :
DAVID CASSUTO, and        :
ISAAK KHAFIZOV,          :

         Defendants.   :

- - - - - - - - - - - - - - - x

INDICTMENT

10 Cr.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: AUG ... 2010

10 CRIM 709

## COUNT ONE

### (Conspiracy To Commit Mail and Wire Fraud)

The Grand Jury charges:

Relevant Persons and Entities

1.  At all times relevant to this Indictment, JAIME CASSUTO, a/k/a "Jay Cassuto," the defendant, held himself out as the President, owner and/or managing partner of American Home Recovery ("AHR"), a mortgage modification company located in Manhattan, New York.

2.  At all times relevant to this Indictment, DAVID CASSUTO, the defendant, held himself out as the owner and/or manager of AHR.

3.  At all times relevant to this Indictment, ISAAK KHAFIZOV, the defendant, held himself out as the Vice President and/or manager of AHR.

## The Scheme To Defraud

4.     From at least in or about June 2008 through in or
about June 2009, JAIME CASSUTO, a/k/a "Jay Cassuto," DAVID
CASSUTO, and ISAAK KHAFIZOV, the defendants, and others known and
unknown, perpetrated a scheme to defraud homeowners in dire
financial straits through AHR and its employees.  AHR, through
the actions of the defendants and their employees, falsely
promised to assist these desperate homeowners by negotiating with
banks to modify the terms of the homeowners' mortgages in
exchange for up-front fees of several thousand dollars.  However,
despite their promises, AHR did little or no work to modify the
mortgages.  Through their scheme, the defendants obtained over
half a million dollars from homeowners throughout the United
States.

5.     In furtherance of the scheme to defraud, JAIME
CASSUTO, a/k/a "Jay Cassuto," DAVID CASSUTO, and ISAAK KHAFIZOV,
the defendants, and others known and unknown, purchased, on
behalf of AHR, thousands of "leads" consisting of the name,
address and other contact information of homeowners who had
fallen behind in making mortgage payments on their home.

6.     Also in furtherance of the scheme, and using their
"leads," JAIME CASSUTO, a/k/a "Jay Cassuto," DAVID CASSUTO, and
ISAAK KHAFIZOV, the defendants, and others known and unknown,
caused AHR to send, by U.S. mail, false and fraudulent

2

solicitation letters informing homeowners that they "may be eligible for special modification program guidelines created in conjunction with the 'Governmental Economic Stimulus Act of 2008.'"  The solicitation letters also deceptively suggested that AHR's loan modification services were part of the "Stimulus Act of 2008" and encouraged homeowners to call AHR "to confirm eligibility."  In truth and in fact, the federal stimulus program, promulgated through the America Recovery and Reinvestment Act, was not passed until 2009 and did not contain mortgage modification assistance, as the defendants well knew.  Such federal assistance was not available until early 2009, when in response to the foreclosure crisis, the United States Treasury Department announced the "Making Home Affordable" program, which came to include the Home Affordable Modification Program ("HAMP").  HAMP, which was funded with $50 billion from the Troubled Asset Relief Program, set forth a plan for homeowners to obtain mortgage assistance, and offered financial incentives to lenders and mortgage servicers to encourage them to agree to modify the mortgages for homeowners who were eligible for the program.  As the defendants well knew, AHR's services were not part of HAMP, and homeowners did not need the services of an entity such as AHR to apply for the program.

       7.  Also in furtherance of the scheme, JAIME CASSUTO, a/k/a "Jay Cassuto," DAVID CASSUTO, and ISAAK KHAFIZOV, the

defendants, and others known and unknown, caused AHR to employ telemarketers to call homeowners and/or answer telephone calls from homeowners who had received AHR's fraudulent solicitation letter.

8.   Also in furtherance of the scheme, JAIME CASSUTO, a/k/a "Jay Cassuto," DAVID CASSUTO, and ISAAK KHAFIZOV, the defendants, and others known and unknown, caused AHR to employ dozens of "salespersons" whose primary responsibility was to convince homeowners to pay up-front fees to AHR with the promise that AHR would negotiate with banks in order to secure permanently modified mortgage terms, including a reduced interest rate, for the homeowners.

9.   In particular, for example, ISAAK KHAFIZOV, the defendant, instructed AHR salespeople, among other things, to inform prospective clients that (I) AHR had an 80-90 percent success rate in securing a modification to clients' mortgages; (ii) it took only 30-60 days to obtain a modification to a client's mortgage; and (iii) AHR would issue a full refund of the up-front fee to any client whose mortgage was not successfully modified by AHR.  Each of these representations, which were made by AHR salespeople on many occasions to many homeowners, was false and fraudulent.

10.   Also in furtherance of the scheme, certain AHR salespersons falsely represented to homeowners that AHR would

4

make the homeowners' mortgages part of the federal government's Making Home Affordable program.  In other instances, in furtherance of the scheme, certain salespersons falsely advised homeowners that they were more likely to obtain a mortgage modification from their bank if they fell further behind on their mortgage payments and/or stopped paying their bank entirely, and sent money to AHR instead.

11.   To encourage AHR's salespersons to obtain new clients, and thus additional up-front fees of thousands of dollars per client, JAIME CASSUTO, a/k/a "Jay Cassuto," DAVID CASSUTO, and ISAAK KHAFIZOV, the defendants, and others known and unknown, paid salespersons a commission upon AHR's receipt of an up-front fee from the particular salesperson's client.

12.   Despite employing dozens of telemarketers and salespeople, and although it took a significant amount of time and effort to secure even a single mortgage modification, JAIME CASSUTO, a/k/a "Jay Cassuto," DAVID CASSUTO, and ISAAK KHAFIZOV, the defendants, and others known and unknown, employed only one "processor" to negotiate with banks to process mortgage modification applications on behalf of AHR's clients.

13.   Despite an enormous backlog of client files and increasing number of client complaints, in or about January 2009, JAIME CASSUTO, a/k/a "Jay Cassuto," DAVID CASSUTO, and ISAAK

KHAFIZOV, the defendants, hired numerous additional salespeople to attempt to obtain new up-front fees from homeowners.

14.    As the scheme operated, JAIME CASSUTO, a/k/a "Jay Cassuto," DAVID CASSUTO, and ISAAK KHAFIZOV, the defendants, and others known and unknown, sought to cover up their fraudulent scheme in several ways.  For example, JAIME CASSUTO, DAVID CASSUTO, and KHAFIZOV each instructed one or more AHR salespersons to speak with angry clients to assuage the clients' concerns about the lack of progress on their mortgage modifications.  JAIME CASSUTO, DAVID CASSUTO, and KHAFIZOV each also instructed one or more AHR salespersons to make particular misrepresentations to particular clients, including, for example, that the client's modification package was in the process of being considered by the bank, and/or that AHR was preparing imminently to send the client's modification package to the bank. At other times, JAIME CASSUTO, DAVID CASSUTO, and KHAFIZOV separately asked one or more AHR salespersons to speak with particular complaining clients, and to make any representation necessary in order to mollify the client.

15.    Also to cover up their fraudulent scheme, JAIME CASSUTO, a/k/a "Jay Cassuto," DAVID CASSUTO, and ISAAK KHAFIZOV, the defendants, and others known and unknown, met with particular complaining clients at AHR's office in Manhattan, where they attempted to calm the worried clients by making various

6

misrepresentations.  For example, in or about late 2008, during a meeting at AHR's office, DAVID CASSUTO falsely promised one client ("Victim-1"), a New York City public school teacher who had paid thousands of dollars to AHR, that DAVID CASSUTO would personally handle Victim-1's file and ensure that Victim-1 obtained a mortgage modification.  DAVID CASSUTO subsequently reassured Victim-1 multiple times by telephone that, in sum and substance, Victim-1's mortgage modification application was progressing.  Subsequently, Victim-1 became unable to contact DAVID CASSUTO or anyone at AHR at the telephone number AHR had provided, and Victim-1 discovered that AHR was no longer located at its office in Manhattan.  Victim-1 never received a mortgage modification from AHR.

16.   In or about June 2009, JAIME CASSUTO, a/k/a "Jay Cassuto," the defendant, contacted an individual ("Individual-1") who had experience working as a mortgage modification "processor," and informed Individual-1, in substance and in part, that AHR was out of business; that Individual-1 could have AHR's customer files for processing; and that Individual-1 could seek to collect money from AHR's clients, many of whom had only paid to AHR part of their agreed-upon up-front fee, for any work Individual-1 performed on their behalf.

17.    Subsequently, in or about June 2009, ISAAK KHAFIZOV, the defendant, provided hundreds of AHR's client files to Individual-1.

<u>Statutory Allegations</u>

18.    From at least in or about June 2008 through in or about June 2009, in the Southern District of New York and elsewhere, JAIME CASSUTO, a/k/a "Jay Cassuto," DAVID CASSUTO, and ISAAK KHAFIZOV, the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, mail fraud, in violation of Title 18, United States Code, Section 1341, and wire fraud, in violation of Title 18, United States Code, Section 1343.

19.    It a part and an object of the conspiracy that JAIME CASSUTO, a/k/a "Jay Cassuto," DAVID CASSUTO, and ISAAK KHAFIZOV, the defendants, and others known and unknown, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, for the purpose of executing such scheme and artifice and attempting so to do, would and did place in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal

Service, and would and did deposit and cause to be deposited matters and things to be sent and delivered by private and commercial interstate carriers and would and did take and receive therefrom, such matters and things, and would and did knowingly cause to be delivered by mail and such carriers according to the directions thereon, and at the places at which they were directed to be delivered by the persons to whom they were addressed, such matters and things, in violation of Title 18, United States Code, Section 1341.

20.   It was further a part and object of the conspiracy that JAIME CASSUTO, a/k/a "Jay Cassuto," DAVID CASSUTO, and ISAAK KHAFIZOV, the defendants, and others known and unknown, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and televison communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

<u>Overt Acts</u>

21.   In furtherance of the conspiracy and to effect its illegal objects, JAIME CASSUTO, a/k/a "Jay Cassuto," DAVID

9

CASSUTO, and ISAAK KHAFIZOV, the defendants, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a.   In or about late 2008, DAVID CASSUTO made misrepresentations to Victim-1 during a meeting in Manhattan.

b.   In or about late 2008, ISAAK KHAFIZOV made misrepresentations to a client by telephone, including, in sum and substance, that it was certain that AHR would obtain a mortgage modification for the client.

c.   In or about early 2009, JAIME CASSUTO, a/k/a "Jay Cassuto," instructed an AHR salesperson to make misrepresentations to an AHR client over the phone.

(Title 18, United States Code, Section 1349.)

## COUNT TWO

### (Wire Fraud)

The Grand Jury further charges:

22.   The allegations contained in paragraphs 1 through 17 and 21 above are hereby repeated, realleged and incorporated by reference as if fully set forth herein.

23.   From at least in or about June 2008 through in or about June 2009, in the Southern District of New York and elsewhere, JAIME CASSUTO, a/k/a "Jay Cassuto," DAVID CASSUTO, and ISAAK KHAFIZOV, the defendants, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and

10

artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, JAIME CASSUTO, DAVID CASSUTO, and KHAFIZOV participated in a scheme to defraud homeowners through American Home Recovery by falsely promising mortgage modification assistance in exchange for up-front fees, and in the course of executing such scheme, caused numerous interstate telephone calls to be made to victims and numerous interstate electronic mailings to be sent to victims.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNTS THREE AND FOUR

### (Mail Fraud)

The Grand Jury further charges:

24.  The allegations contained in paragraphs 1 through 17 and 21 above are hereby repeated, realleged and incorporated by reference as if fully set forth herein.

25.  On or about the dates set forth below, in the Southern District of New York and elsewhere, JAIME CASSUTO, a/k/a "Jay Cassuto," DAVID CASSUTO, and ISAAK KHAFIZOV, the defendants, unlawfully, willfully, and knowingly, having devised and

intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice and attempting so to do, did place in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and did deposit and cause to be deposited matters and things to be sent and delivered by private and commercial interstate carriers, and did take and receive therefrom, such matters and things, and did knowingly cause to be delivered by mail and such carriers, according to the directions thereon, and at the places at which they are directed to be delivered by the persons to whom they are addressed, such matters and things, to wit, JAIME CASSUTO, DAVID CASSUTO, and KHAFIZOV participated in a scheme to defraud homeowners through American Home Recovery by falsely promising mortgage modification assistance in exchange for up-front fees, and in the course of executing such scheme, caused victims to mail checks and other documents to American Home Recovery's offices in Manhattan, New York, as follows:

| Count | Item Mailed | Address Mailed from | Approximate Date of Mailing |
|-------|-------------|---------------------|-----------------------------|
| 3 | check | Los Angeles, CA | 3/7/09 |
| 4 | check | Marquette, MI | 10/15/2008 |

(Title 18, United States Code, Sections 1341 and 2.)

12

### FORFEITURE ALLEGATION

26.     As the result of committing the mail and wire fraud offenses, in violation of Title 18, United States Code, Section 1349, 1343, and 1341, alleged in Counts One through Four of this Indictment, JAIME CASSUTO, a/k/a "Jay Cassuto," DAVID CASSUTO, and ISAAK KHAFIZOV, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the offenses charged in Counts One through Four of this Indictment.

### Substitute Asset Provision

27.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants,

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

13

        d.     has been substantially diminished in value;

            or

        e.     has been commingled with other property which

            cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p), to seek forfeiture of any

other property of the defendants up to the value of the

forfeitable property described above.

        (Title 18, United States Code, Section 981(a)(1)(C);
          Title 21, United States Code, Section 853(p);
        and Title 28, United States Code, Section 2461.)

FOREPERSON

PREET BHARARA       JSK
United States Attorney

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

JAIME CASSUTO,
a/k/a "Jay Cassuto,"
DAVID CASSUTO, and
ISAAK KHAFIZOV,

Defendants.

INDICTMENT

09 Cr. _____

(18 U.S.C. §§ 1349, 1343, 1341, and 2.)

PREET BHARARA
United States Attorney.

A TRUE BILL

_____
Foreperson.

Aug. 11. 2010
Indictment filed
Case assigned to Judge Daniels
Freeman, USDJ