```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA
                                 :
        -  v.  -
                                 :    S1 10 Cr. 709 (GBD)
ISAAK KHAFIZOV,
                                 :
              Defendant.
                                 :
- - - - - - - - - - - - - - - - x
```

**PROPOSED REQUESTS TO CHARGE**


PREET BHARARA
United States Attorney
for the Southern District of New York


NICOLE FRIEDLANDER
NIKETH VELAMOOR
Assistant United States Attorneys
        - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                  :
UNITED STATES OF AMERICA
                                  :
        -  v.  -
                                  :    S1 10 Cr. 709 (GBD)
ISAAK KHAFIZOV,
                                  :
                Defendant.
                                  :
- - - - - - - - - - - - - - - - x


## JOINT PROPOSED REQUESTS TO CHARGE

        Pursuant to Rule 30 of the Federal Rules of Criminal
Procedure, the Government respectfully requests that the Court
include the following in its instructions to the Jury.

TABLE OF CONTENTS

Request No.                                                      Page

1.   General Requests  . . . . . . . . . . . . . . . . . . . 1

2.   The Indictment  . . . . . . . . . . . . . . . . . . . . 2

3.   Summary of the Indictment . . . . . . . . . . . . . . . 3

4.   Multiple Counts – One Defendant . . . . . . . . . . . . 5

**Count One: Conspiracy**

5.   General Instructions (18 U.S.C. § 1349) . . . . . . . . 6

6.   Elements of Conspiracy  . . . . . . . . . . . . . . . . 8

7.   First Element – Existence of the Conspiracy . . . . . . 9

8.   Second Element – Membership in the Conspiracy . . . . . 13

9.   Time of Conspiracy  . . . . . . . . . . . . . . . . . . 18

10.  Conscious Avoidance [If applicable] . . . . . . . . . . 19

**Counts Two and Four: Wire Fraud**

11.  The Statute and the Charge (18 U.S.C. § 1349). . . . . . 23

12.  Elements of the Offense . . . . . . . . . . . . . . . . 24

13.  First Element – Existence of Scheme or Artifice. . . . . 26

14.  Second Element – Participation in Scheme with Intent to
     Defraud. . . . . . . . . . . . . . . . . . . . . . . . . 29

15.  Third Element – Use of Interstate Wires. . . . . . . . . 33

**Count Three: Mail Fraud**

16.  The Statute and the Charge (18 U.S.C. § 1341). . . . . . 36

17.  Elements of the Offense . . . . . . . . . . . . . . . . 37

1

18.  First Element - Existence of Scheme or Artifice  . . . .  39

19.  Second Element - Participation in Scheme with
     Intent to Defraud  . . . . . . . . . . . . . . . . . .  40

20.  Third Element - Use of the Mails  . . . . . . . . . . .  41

**Counts Two through Four**

21.  Aiding and Abetting  . . . . . . . . . . . . . . . . . .  43

22.  Good Faith  . . . . . . . . . . . . . . . . . . . . . .  47

23.  Conscious Avoidance [If applicable]  . . . . . . . . . .  50

24.  No Ultimate Harm  . . . . . . . . . . . . . . . . . . .  51

**Counts One through Eleven**

25.  Negligence of Victim Not a Defense  . . . . . . . . . .  53

**Other**

26.  Venue  . . . . . . . . . . . . . . . . . . . . . . . .  54

27.  Particular Investigative Techniques Not Required
     [If applicable]  . . . . . . . . . . . . . . . . . . .  56

28.  Defendant's Testimony  . . . . . . . . . . . . . . . .  57

29.  Defendant's Right Not to Testify [If requested by the
     defendant]  . . . . . . . . . . . . . . . . . . . . . .  58

30.  Law Enforcement Witnesses  . . . . . . . . . . . . . .  59

31.  Cooperating Witnesses  . . . . . . . . . . . . . . . .  60

32.  Character Witnesses [If applicable]  . . . . . . . . . . .64

33.  Stipulations of Fact [If applicable]  . . . . . . . . .  66

34.  Stipulations of Testimony [If applicable].  . . . . . .  67

35.  Variance in Dates.  . . . . . . . . . . . . . . . . . .  68

36.  Limiting Instruction – Similar Act Evidence
     [If Applicable] . . . . . . . . . . . . . . . . . . . . .69

37.  Uncalled Witnesses – Equally Available . . . . . . . . . 71

38.  Charts and Summaries – Admitted as Evidence
     [If Applicable] . . . . . . . . . . . . . . . . . . . . .72

39.  Summary Charts - Not Admitted as Evidence
     [If Applicable] . . . . . . . . . . . . . . . . . . . . 73


40.  Preparation of Witnesses [If applicable]. . . . . . . . 74

41.  Redaction of Evidentiary Items . . . . . . . . . . . . . 76

42.  Improper Considerations: Race, Religion, National Origin,
     Sex, or Age . . . . . . . . . . . . . . . . . . . . . . .77

43.  Persons Not on Trial . . . . . . . . . . . . . . . . . . 78

44.  Sympathy: Oath as Juror . . . . . . . . . . . . . . . . .79

45.  Conclusion . . . . . . . . . . . . . . . . . . . . . . .81

## REQUEST NO. 1

### General Requests

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.   Function of Court and Jury

b.   Indictment not Evidence

c.   Statements of Court and Counsel Not Evidence

d.   Burden of Proof and Presumption of Innocence

e.   Reasonable Doubt

f.   Government Treated Like Any Other Party

g.   Definitions and Examples of Direct and Circumstantial Evidence

h.   Credibility of Witnesses

i.   Interest in Outcome

j.   Inferences

k.   Right to See Exhibits and Have Testimony Read During Deliberations

l.   Punishment Is Not to Be Considered by the Jury

m.   Verdict of Guilt or Innocence Must be Unanimous

## REQUEST NO. 2

## The Indictment

The defendant is formally charged in an Indictment. As I instructed you at the outset of this case, the Indictment is a charge or accusation.  It is not evidence.  The Indictment in this case contains four counts against ISAAK KHAFIZOV, the defendant.  Before you begin your deliberations, you will be provided with a copy of the Indictment containing these charges. Therefore, I will not read the entire Indictment to you at this time.  Rather, I will first summarize the offenses charged in the Indictment.  Then I will explain in detail the elements of the offenses.

2

## REQUEST NO. 3

### Summary of the Indictment

Count One of the Indictment charges that, from at least in or about April 2008 through in or about June 2009, ISAAK KHAFIZOV conspired with others to violate federal law. This count alleges that the conspiracy had two unlawful purposes, which were to commit mail fraud and wire fraud.

Count Two charges that, from at least in or about April 2008 through in or about June 2009, KHAFIZOV committed the actual crime of wire fraud by participating in a scheme to defraud homeowners through AHR by making false promises to induce homeowners to pay up-front fees for mortgage modification assistance, and in the course of executing such scheme, caused numerous interstate telephone calls to be made, and numerous interstate mailings to be sent, to victims. The defendant is also charged with aiding and abetting the commission of this crime.

Count Three charges that, from at least in or about April 2008 through in or about June 2009, KHAFIZOV committed the actual crime of mail fraud by participating in a scheme to defraud homeowners through AHR by making false promises to induce homeowners to pay up-front fees for mortgage modification

assistance, and in the course of executing such scheme, sent mailings to victims and caused victim to mail checks and other documents to AHR.  The defendant is also charged with aiding and abetting the commission of this crime.

Count Four charges that, from at least in or about April 2008 through in or about June 2009, KHAFIZOV committed the actual crime of wire fraud by causing false documents to be submitted to mortgage companies in order to induce the companies to provide mortgage modifications to clients of AHR.  The defendant is also charged with aiding and abetting the commission of this crime.

## REQUEST NO. 4

## Multiple Counts – One Defendant

The Superseding Indictment contains a total of five counts.  Each count charges the defendant with a different crime.  You must consider each count separately and return a separate verdict of guilty or not guilty for each.  Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

I will now instruct you on the elements that the Government must prove beyond a reasonable doubt for each of the five charged offenses.

Adapted from Sand et al., Modern Federal Jury Instructions, 3-6.

## REQUEST NO. 5

### Count One: Conspiracy

### General Instructions (18 U.S.C. § 1349)

Count One of the Indictment charges the defendant with participating in a conspiracy to violate certain federal laws. The Indictment reads that:

> [The Court is respectfully requested to read the Statutory Allegation of Count One of the Indictment, excluding the overt acts]

A conspiracy is a kind of criminal partnership -- a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy to violate a federal law is an independent offense. It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."

For example, in this case, the Indictment charges that the objectives of the conspiracy were to commit wire fraud and mail fraud. A conspiracy to commit wire fraud is an entirely distinct and separate offense from the actual commission of wire fraud. A conspiracy to commit mail fraud is an entirely distinct and separate offense from the actual commission of mail fraud. If a conspiracy exists, even if it should fail in its

6

purpose, it is still punishable as a crime.

Indeed, you may find a defendant guilty of the crime of conspiracy to commit an offense against the United States even though the substantive crimes which were the object of the conspiracy were not actually committed.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful.  This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 19-2.

## REQUEST NO. 6

## Count One: Conspiracy

## Elements of Conspiracy

In order to satisfy its burden of proof with respect to the allegation of conspiracy, the Government must prove beyond a reasonable doubt the following two elements:

First, that the conspiracy charged in the Indictment existed; that is, that there was an agreement or understanding to commit a federal crime.

Second, that the defendant knowingly became a member of that conspiracy.

Now let us separately consider the two elements: first, the existence of the conspiracy, and second, whether the defendant knowingly associated himself with and participated in the conspiracy.

> Adapted from the charge given by the Honorable John F. Keenan in United States v. Rasheen Jordan, 03 CR 399 (JFK) (2004), and from Sand, Modern Federal Jury Instructions, Instr. 19-3; see also United States v. Svoboda, 347 F.3d 471, 476-77 (2d Cir. 2003) (discussing three elements of conspiracy).

8

**REQUEST NO. 7**

**Count One: Conspiracy**

**First Element – Existence of the Conspiracy**

The first element which the Government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the conspiracy actually existed, that is, that two or more persons knowingly entered into the unlawful agreement charged in the Indictment.

The gist or the essence of the crime of conspiracy is the unlawful combination or agreement to violate the law.  As I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not relevant to the question of whether the conspiracy existed.

In order for the government to satisfy this element, you need not find that the alleged members of the conspiracy sat around together and entered into any express or formal agreement.  Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the government must prove is that there was a mutual

understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

You may, of course, find that the existence of an agreement to commit an unlawful act has been established by direct proof.  However, common sense tells you that when people, in fact, enter into a criminal conspiracy, much is left to unexpressed understanding.  Conspiracy by its very nature is characterized by secrecy.  It is, therefore, rare that a conspiracy can be proven by direct evidence of an explicit agreement.

You may, however, infer the existence of the conspiracy from the circumstances of the case and the conduct of the parties involved if you find that the evidence justifies such an inference.  In a very real sense, then, in the context of a conspiracy charge, actions often speak louder than words. In this regard you may, in determining whether an agreement existed here, consider the actions and statements of all of those whom you found or find to be participants as proof that a common design existed on the part of the persons involved in the conspiracy to act together to accomplish an unlawful purpose.

So first you must determine whether or not the proof

10

established beyond a reasonable doubt the existence of the
conspiracy charged.  In considering the first element, you
should consider all of the evidence that has been admitted with
respect to the conduct and statements of each alleged co-
conspirator, which may include not only the defendant, but other
co-conspirators as well, and such inferences as reasonably may
be drawn from the evidence.

> Adapted from the charge given by the Honorable
> John F. Keenan in United States v. Rasheen
> Jordan, 03 CR 399 (JFK) (2004), and from Sand,
> Modern Federal Jury Instructions, Instr. 19-4;
> see also United States v. Rea, 958 F.2d 1206,
> 1214 (2d Cir. 1992) ("In order to prove
> conspiracy, the government need not present
> evidence of an explicit agreement; proof of a
> tacit understanding will suffice.  The
> conspirators need not have agreed on the details
> of the conspiracy, so long as they have agreed on
> the essential nature of the plan, and their goals
> need not be congruent, so long as they are not at
> cross-purposes.") (citations omitted); United
> States v. Montour, 944 F.2d 1019, 1025 (2d Cir.
> 1991) ("To prove the existence of an agreement,
> the government need not present evidence of a
> formal arrangement between the co-conspirators.
> Rather, it is sufficient if the government can
> demonstrate that the defendant acted together
> with others to realize a common goal.")
> (citations omitted).

## Objectives of Conspiracy

The object of a conspiracy is the illegal goal that
the co-conspirators agreed, or hoped, to achieve.  The
Indictment here charges that the conspiracy alleged in Count One

11

had two objects: (i) the commission of wire fraud and (ii) the commission of mail fraud.  I will explain the law regarding wire fraud and mail fraud later in my instructions.

If you find that the conspirators agreed to accomplish either one of the two objectives charged in the Indictment -- that is, the commission of wire fraud or the commission of mail fraud, the illegal purpose element will be satisfied.  In other words, you need not find that the conspirators agreed to accomplish both of these objectives.  An agreement to accomplish one of the two objectives is sufficient.  However, you must be unanimous as to the objective.  That is, you must all in agreement with respect to at least one of the alleged objectives of the conspiracy.

> Adapted from the charge given by the Honorable Michael B. Mukasay in United States v. Cheng Chui Ping, S1 94 Cr. 953 (MBM) (2005), and the charge in United States v. Helmsley, 941 F.2d 71, 91 (2d Cir. 1991) (quoting and approving "objectives" language); see also Griffin v. United States, 502 U.S. 46 (1991) (upholding verdict on a multiple-object conspiracy charge where evidence was inadequate to support conviction as to one of the objects but not the other).

## REQUEST NO. 8

### Count One: Conspiracy

### Second Element – Membership in the Conspiracy

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in the Indictment existed, you must next determine the second question, which is whether the defendant knowingly and willfully became a member of the conspiracy.  Thus, if you are satisfied that the conspiracy charged in the Indictment existed, you must next ask yourselves whether the defendant was a member of that conspiracy -- that is, whether the defendant participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.

The Government must prove beyond a reasonable doubt that the defendant willfully and knowingly entered into the conspiracy with a criminal intent, that is, with a purpose to violate the law, and that he agreed to take part in the conspiracy with knowledge of its unlawful purpose and with the specific intention of furthering its objective.  Let me define for you the terms willfully and knowingly.

13

## "**Willfully**," and "**Knowingly**" Defined

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that it is to say, with a bad purpose either to disobey or disregard the law.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. Moreover, it would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he or she committed an act with an unlawful intent. However, you have before you the evidence of certain acts, conversations, and statements alleged to involve the defendant and others. The ultimate facts of knowledge and criminal intent, though subjective, may be established by words and conduct, and all the surrounding circumstances, as well as the rational or logical inferences that may be drawn from words and conduct within those circumstances. It is for you to determine whether the Government has established beyond a reasonable doubt such knowledge and intent on the part of the defendant.

It is not necessary that a defendant be fully informed as to all the details of the conspiracy in order to justify an

14

inference of knowledge on his or her part.  To have guilty

knowledge, the defendant need not have known the full extent of

the conspiracy or all of its activities or all of its

participants.  It is not even necessary that the defendant know

every other member of the conspiracy.  In fact, a defendant may

know only one other member of the conspiracy and still be a co-

conspirator.

Nor is it necessary that a defendant receive any

monetary benefit from participating in a conspiracy, or that he

or she have a financial stake in the outcome, so long as he or

she, in fact, participated in the conspiracy in the manner I

have explained.  The duration and extent of the defendant's

participation has no bearing on the issue of the defendant's

guilt.  A conspirator's liability is not measured by the extent

or duration of his or her participation.  Indeed, each member of

the conspiracy may perform separate and distinct acts and may

perform them at different times.  Some conspirators may play

major roles while others play minor roles in the scheme.  An

equal role is not what the law requires.  In fact, even a single

act may be sufficient to draw a defendant within the ambit of

the conspiracy.

However, I want to caution you that mere association

15

of one person with another does not make that person a member of a conspiracy, even when coupled with knowledge that a conspiracy is taking place.  In other words, knowledge without participation is not sufficient.  What is necessary is that the defendant has participated in the conspiracy with the knowledge of its unlawful purpose and with an intent to aid in the accomplishment of its unlawful objective.

Now, although mere association with conspirators is not enough, it is a fact that you may consider, among others, to determine whether a defendant was a member of the conspiracy. The defendant's association may establish his or her membership in a conspiracy if all of the circumstances considered together show that his or her association was meant to advance the goal of the conspiracy.  He or she must not only have associated, he or she must have known about the conspiracy, he or she must have intended by his or her association to participate in the conspiracy or to help it succeed.  In other words, association itself may demonstrate membership in a conspiracy only if that association is as a functional part of the conspiracy.  In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it with the purposes of furthering an illegal

16

undertaking.   The defendant thereby becomes a knowing and willing participant in the unlawful agreement, that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its member.   So, too, once a person is found to be a member of a conspiracy, that person is presumed to continue to be a member in the venture until the venture is terminated, unless it is shown by some affirmative proof that the person withdrew and disassociated himself from it.

> Adapted from the charge given by the Honorable John F. Keenan in United States v. Rasheen Jordan, 03 CR 399 (JFK) (2004), and from Sand, Modern Federal Jury Instructions, Instr. 19-6. See also United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence.   A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member.") (citations omitted); United States v. Miranda-Ortiz, 926 F.2d 172, 175-6 (2d Cir. 1991) (generally discussing proof required to show membership in conspiracy); United States v. Maldonado-Rivera, 922 F.2d 934, 960 (2d Cir. 1990) (same).

## REQUEST NO. 9

### Count One: Conspiracy

### Time of Conspiracy

The Indictment charges that the conspiracy charged in Count One existed from in or about April 2008 up to and including in or about June 2009.  It is not essential that the Government prove that the conspiracy started and ended within this specific time period.  Indeed, it is sufficient if you find that, in fact, a conspiracy was formed and that it existed for some time within the period set forth in the Indictment, and that the defendant was a member of the conspiracy charged in the Indictment for some time within that period.

> Adapted from the charges given by the Honorable Kimba M. Wood in United States v. Perrone, 06 Cr. 774 (KMW) (2006) and United States v. Valencia, S15 97 Cr. 355 (KMW) (1999); and the charge given by the Honorable John F. Keenan in United States v. Rasheen Jordan, 03 CR 399 (JFK) (2004).

18

## REQUEST NO. 10

### Count One: Conspiracy

### Conscious Avoidance

#### [If Applicable]

As I explained, the government is required to prove that each defendant acted knowingly.  In determining whether the defendant acted knowingly, you may consider whether the defendant deliberately closed his or her eyes to what otherwise would have been obvious.

If you find that the defendant was aware of a high probability that the object of the conspiracy was to violate federal law, but that the defendant acted with deliberate disregard of that fact, you may find that the defendant acted knowingly.  The law calls this "conscious avoidance."  However, if you find that the defendant actually believed that he or she and his or her co-conspirators were acting in a lawful manner, he or she may not be convicted of the charge in Count One.

A person cannot look at all sorts of things that make it obvious to any reasonable person what is going on and then claim in court that because he or she deliberately avoided learning explicitly what was obvious anyway, he or she did not actually know the incriminating fact.

19

I want to be very clear about what this means and does not mean with respect to the conspiracy charged in Count One.

First, there is a difference between knowingly participating in the conspiracy and knowing the objects of the conspiracy. "Conscious avoidance," as I have described it, cannot be used as a basis for finding that the defendant knowingly joined the conspiracy. It is logically impossible for a defendant to join the conspiracy unless he or she knows the fact that the conspiracy exists. However, if you find beyond a reasonable doubt that the defendant chose to participate in a joint undertaking, you may consider whether the defendant deliberately avoided confirming an otherwise obvious fact, that the purpose of the partnership he or she joined was to commit wire and/or mail fraud.

If you find beyond a reasonable doubt that the defendant was aware that there was a high probability that his coconspirators' objective was to commit wire and/or mail fraud, but that he deliberately avoided confirming this fact, you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge of the object of the charged conspiracy, unless you find that the defendant actually believed that he and his coconspirators were acting in a lawful manner.

20

Again, the last point is important.  The necessary knowledge on the part of the defendant regarding the object of the conspiracy cannot be established by showing the defendant was merely careless or negligent or stupid or foolish, or that he or she should have known what was going on.  If the defendant actually believed that the conspiracy was about something else entirely, or if he or she was merely foolish, careless or even reckless about the risk that he or she was wrong, then you cannot find him or her guilty.  Conscious avoidance can only be established where the defendant deliberately decided not to confirm a key fact, when it was obvious or highly probable that the fact was true.  One may not willfully and intentionally remain ignorant of important facts in order to escape the consequences of the criminal laws.

If you find that the defendant was aware of a high probability that the object of the conspiracy was to violate federal law, and that the defendant acted with deliberate disregard of these facts, you may find that the defendant acted knowingly.  However, if you find that the defendant actually believed that the object of the conspiracy was lawful, he or she may not be convicted.

Adapted from the charge given by the Honorable
John F. Keenan in United States v. Rohan Cameron,
03 Cr. 1457 (JFK) (2004), and from Sand, Modern

21

<u>Federal Jury Instructions</u>, Instr. 3A-2.  "A
conscious-avoidance charge is appropriate when
(a) the element of knowledge is in dispute, and
(b) the evidence would permit a rational juror to
conclude beyond a reasonable doubt that the
defendant was aware of a high probability of the
fact in dispute and consciously avoided
confirming that fact."  <u>United States</u> v. <u>Hopkins</u>,
53 F.3d 533, 542 (2d Cir. 1995) (citations and
internal quotation marks omitted).  The Second
Circuit has cautioned that "the prosecutor should
request that the 'high probability' and 'actual
belief' language be incorporated into every
conscious avoidance charge."  <u>United States</u> v.
<u>Feroz</u>, 848 F.2d 359, 360 (2d Cir. 1988) (per
curiam) ("[K]nowledge of the existence of a
particular fact is established (1)  if a person
is aware of a high probability of its existence,
(2) unless he actually believes that it does not
exist.").

**REQUEST NO. 11**

**Counts Two and Four: Wire Fraud**

**The Statute and the Charge (18 U.S.C. § 1343)**

Counts Two and Four of the Indictment charge KHAFIZOV with violating Section 1343 of Title 18 of the United States Code, which is the wire fraud statute.  That statute provides:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio or television communications in interstate, or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be [guilty of a crime].

Count Two of the Indictment reads as follows:

> *[The Court is respectfully requested to read Count Two of the Indictment.]*

Count Four of the Indictment reads as follows:

> *[The Court is respectfully requested to read Count Nine of the Indictment.]*

> Adapted from the charge of Judge Michael B. Mukasey in United States v. Uccio, 88 Cr. 906 (S.D.N.Y. 1989), aff'd, 917 F.2d 80 (1990); the charge of Judge Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (S.D.N.Y. 1991); and Sand et al., Modern Federal Jury Instructions, Instr. 44-1.

**REQUEST NO. 12**

**Counts Two and Four: Wire Fraud**

**Elements of the Offense**

In order to prove the defendant guilty of wire fraud, the Government must separately establish beyond a reasonable doubt the following three essential elements:

First, that on or about the times alleged in the Indictment, there was a scheme or artifice to defraud others of money or property by false or fraudulent pretenses, representations, or promises;

Second, that the defendant knowingly and willfully devised or participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

Third, that in the execution of that scheme, the defendant used, or caused the use by others, of interstate or foreign wires, as specified in the Indictment.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instr. 44-3 (based on the charge of
> the Honorable Edward Weinfeld in United States v.
> Ranney, 82 Cr. 771 (EW) (1983)); and the charge
> of the Honorable Michael B. Mukasey in United
> States v. Uccio, 88 Cr. 906 (MBM) (1989), aff'd,
> 917 F.2d 80 (1990); the charge of the Honorable
> John G. Koeltl in United States v. Szur, 97 Cr.

24

108 (JGK) (1998); and the charge of the
Honorable Charles S. Haight, Jr. in United States
v. Rogers, 90 Cr. 377 (1991); see also United
States v. Dinome, 86 F.3d 277, 283 (2d Cir.
1996); United States v. Altman, 48 F.3d 97, 101
(2d Cir. 1995); United States v. Mittelstaedt, 31
F.3d 1208, 1216 (2d Cir. 1994); United States v.
Miller, 997 F.2d 1010, 1017 (2d Cir. 1993);
United States v. Wallach, 935 F.2d 445, 461 (2d
Cir. 1991); United States v. Rodolitz, 786 F.2d
77, 80 (2d Cir.) (discussing elements of
analogous mail fraud violation), cert. denied,
479 U.S. 826 (1986); Polycast Technology Corp. v.
Uniroyal, Inc., 728 F. Supp. 926 (1989) (elements
of wire fraud).

## REQUEST NO. 13

### Counts Two and Four: Wire Fraud

### First Element – Existence of Scheme or Artifice to Defraud

The first element the Government must prove beyond a reasonable doubt is the existence of a scheme or artifice to defraud others of money or property by means of false or fraudulent pretenses, representations, or promises. I will now explain to you what these terms mean. They are almost self-explanatory.

A "scheme or artifice" is simply a plan, device, or course of conduct to accomplish an objective. "Fraud" is a general term. It is a term that includes all the possible means by which a person seeks to gain some unfair advantage over another person by false representations, false suggestion, false pretenses, or concealment of the truth. The unfair advantage sought can involve money, property, or any other thing of value.

Thus, a "scheme to defraud" is merely a plan to deprive another of money or property by trick, deceit, deception or swindle. The scheme to defraud is alleged to have been carried out by making false or fraudulent statements, representations, claims and documents. A statement, representation, claim or document is false if it is untrue when made and was then known

to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was falsely made with the intention to deceive.  Deceitful statements of half truths or the concealment of material facts, and the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statute. You may also find the existence of such a scheme if you find that the defendant in question conducted herself in a manner that departed from traditional notions of fundamental honesty and fair play in the general business life of society.

You may find that a scheme to defraud existed only if the Government has proven beyond a reasonable doubt the existence of the scheme alleged in the Indictment, which I read to you a few moments ago.

A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case.

These false representations and pretenses must be "material."  We use the word "material" to distinguish between the kinds of statements we care about and those that are of no real importance.  A "material" fact is one which reasonably would be expected to be of concern to a reasonable and prudent

person relying on the statement in making a decision.  That
means if you find a particular statement of fact to have been
untruthful, before you can find that statement or omission to be
material, you must also find that the statement or omission was
one that would have mattered to a reasonable person in making
such a decision.  In particular, you must find that the
statement or omission was one that would have mattered to a
reasonable person in a pecuniary or monetary way.  Actual
reliance by the person on the representations is not required;
it is sufficient if the misrepresentation is one that is capable
of influencing the person's decision and is intended by the
defendant to do so.

      If you find that the Government has sustained its
burden of proof that a scheme to defraud others of money or
property did exist, as charged, you next should consider the
second element.

      Adapted from Sand, <u>Modern Federal Jury
Instructions</u>, Instr. 44-2.

## REQUEST NO. 14

## Counts Two and Four: Wire Fraud

## Second Element - Participation in Scheme With Intent to Defraud

The second element of wire fraud that the Government must establish beyond a reasonable doubt is that the defendant devised or participated in the fraudulent scheme knowingly, willfully, and with the specific intent to defraud.

The words "devised" and "participated" are words that you are familiar with and, therefore, I do not need to spend much time defining them for you. To "devise" a scheme to defraud is to concoct or plan it. To "participate" in a scheme to defraud means to associate oneself with it with a view and intent toward making it succeed. While a mere onlooker is not a participant in a scheme to defraud, it is not necessary that a participant be someone who personally and visibly executes the scheme to defraud.

In order to satisfy this element, I remind you that it is not necessary for the Government to establish that the defendant you are considering originated the scheme to defraud. It is sufficient if you find that a scheme to defraud existed, even if originated by another, and that the defendant, while aware of the scheme's existence, knowingly participated in it.

29

It is also not required that the defendant participate in or have knowledge of all of the operations of the scheme and even if he or she does not participate in all of the scheme's operations.  The guilt of the defendant is not governed by the extent of his or her participation.

It also is not necessary that the defendant have participated in the alleged scheme from the beginning.  A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all of its details, and intentionally acts in a way to further the unlawful goals, becomes a member of the scheme and is legally responsible for all that may have been done in the past in furtherance of the criminal objective and all that is done thereafter.

Even if the defendant participated in the scheme to a lesser degree than others, he or she is nevertheless equally guilty, so long as that defendant became a member of the scheme to defraud with knowledge of its general scope and purpose.

As I have previously noted, before the defendant may be convicted of the fraud charged here, he or she must also be shown to have acted knowingly and willfully and with a specific intent to defraud.  A person acts "knowingly" if she acts voluntarily and intentionally and not because of mistake, or

accident, or other innocent reason.  A person acts "willfully" and "intentionally" if he acts voluntarily and with the specific intent to disobey or disregard the law.  It is not necessary that the defendant knew that she was violating a particular law. It is enough if she was aware that what she was doing was, in general, unlawful.

The Government must prove beyond a reasonable doubt that the defendant acted not only knowingly and willfully, but also with the specific intent to defraud others of money or property.  To act with intent to defraud means to act willfully and with the specific intent to deceive, for the purpose of causing some financial loss to another.

The question of whether a person acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine, like any other fact question.  This question involves the defendant's state of mind.

Direct proof of knowledge, willfulness, and fraudulent intent is almost never available.  Indeed, it would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he or she committed an act with fraudulent intent.  Such direct proof is not required.

The ultimate facts of knowledge and criminal intent,

31

though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense." Using your common sense means that, when you come to decide whether the defendant you are considering possessed or lacked an intent to defraud, you need not limit yourself to just what the particular defendant said, but you may also look at what the defendant did and what others did in relation to the defendant and, in general, everything that occurred.

Adapted from the charge of the Honorable Kimba M. Wood in United States v. Shapiro, 06 Cr. 357 (KMW) (2009).

## REQUEST NO. 15

### Counts Two and Four: Wire Fraud

### Third Element – Use of Interstate Wires

Now, the third and final element that the Government must establish beyond a reasonable doubt as to the wire fraud count is that interstate or foreign wire facilities were used in furtherance of the scheme to defraud.  The term "wire facilities" includes telephones, faxes, e-mail, radios, and television.

The "interstate" or "foreign" requirement means that the wire communication must pass between two or more states as, for example, a transmission of computer signals between New York and another state, such as Pennsylvania, New Jersey, Delaware, Illinois, or California, or between the United States and another country.

It is not necessary for the defendant to be directly or personally involved in any wire communication, as long as the communication is reasonably foreseeable in the execution of the alleged scheme to defraud in which the particular defendant is accused of participating.  In this regard, it would be sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires

33

to be used by others; and this does not mean that the defendant himself must have specifically authorized others to execute a wire communication. When one does an act with knowledge that the use of the wire will follow in the ordinary course of business, or where such use of the wires can reasonably be foreseen, even though not actually intended, then he or she causes the wires to be used. Incidentally, this wire communication requirement is satisfied even if the wire communication was done by a person with no knowledge of the fraudulent scheme, including the victim of the alleged fraud.

The use of the wire need not itself be fraudulent. Stated another way, the wire communication need not contain any fraudulent representation, or even any request for money. It is sufficient if the wires were used to further or assist in carrying out the scheme to defraud.

The Government must establish beyond a reasonable doubt the particular use charged in the Indictment. However, the Government does not have to prove that the wire was used on the exact date charged in the Indictment. It is sufficient if the evidence establishes beyond a reasonable doubt that the wire was used on a date reasonably near the date alleged in the Indictment.

34

Let me add the following: only the wire communication must be reasonably foreseeable, not its interstate or foreign component.  Thus, if you find that the wire communication was reasonably foreseeable, and the interstate or foreign wire communications actually took place, then this element is satisfied even if it was not foreseeable that the wire communication would cross state or national lines.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 44-7 (based on the charge of the Honorable Edward Weinfeld in United States v. Ranney, 82 Cr. 771 (EW) (1983); the charge of the Honorable Michael B. Mukasey in United States v. Uccio, 88 Cr. 906 (MBM) (1989), aff'd, 917 F.2d 80 (2d Cir. 1990); the charge of the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (CSH) (1991); and the charge of the Honorable John G. Koeltl, United States v. Szur, S5 97 Cr. 108 (JGK) (1998); see United States v. Blackmon, 839 F.2d 900, 907-08 (2d Cir. 1988) (regarding foreseeability of interstate nature of communication); United States v. Keats, 937 F.2d 58 (2d Cir.) (defendant need not have personally sent charged wire communication; affirming conviction where Government agent and informant initiated charged telephone calls), cert. denied, 502 U.S. 950 (1991); United States v. Muni, 668 F.2d 87, 89-91 (2d Cir. 1981) (extended discussion of "foreseeability" of wire communication); Schmuck v. United States, 489 U.S. 705 (1989); United States v. Paccione, 949 F.2d 1183, 1196 (2d Cir. 1991), cert. denied, 112 S. Ct. 3029 (1992); United States v. Keats, 937 F.2d 58, 64 (2d Cir.), cert. denied, 112 S. Ct. 399 (1991).

**REQUEST NO. 16**

**Count Three: Mail Fraud**

**The Statute and the Charge (18 U.S.C. § 1341)**

Count Three of the Indictment charges KHAFIZOV with violating Section 1341 of Title 18 of the United States Code, which is the mail fraud statute.  That statute provides, in relevant part:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises . . . for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing what ever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be [guilty of a crime].

Count Three of the Indictment reads as follows:

> *[The Court is respectfully requested to read Count Three of the Indictment.]*

36

<u>**REQUEST NO. 17**</u>

<u>**Count Three: Mail Fraud**</u>

<u>**Elements of the Offense**</u>

In order to prove the defendant is guilty of mail fraud, the Government must establish beyond a reasonable doubt the following three essential elements:

<u>First</u>, that in or about the times alleged in the Indictment, there was a scheme or artifice to defraud others of money or property by means of false or fraudulent pretenses, representations, or promises;

<u>Second</u>, that the defendant knowingly and willfully devised or participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

<u>Third</u>, that in the execution of that scheme, the defendant herself used, or caused the use by others, of the mails as specified in the Indictment.

> Adapted from the charges of the Honorable
> Michael B. Mukasey in <u>United States</u> v.
> <u>Harding</u>, 91 Cr. 43 (MBM) (S.D.N.Y. 1991)
> (mail fraud) and in <u>United States</u> v. <u>Uccio</u>,
> 88 Cr. 906 (MBM) (S.D.N.Y. 1989), <u>aff'd</u>, 917
> F.2d 80 (1990) (wire fraud), from the charge
> of the Honorable Charles S. Haight, Jr. in
> <u>United States</u> v. <u>Rogers</u>, 90 Cr. 377 (CSH)
> (S.D.N.Y. 1991) (wire fraud), from the
> charge of the Honorable Laura Taylor Swain
> in United States v. Fasciana, 01 Cr. 58

(LTS) (S.D.N.Y. 2005) (mail fraud and wire
fraud), and from Sand et al., Modern Federal
Jury Instructions, Instr. 44-3 (based on the
charge of the Honorable Edward Weinfeld in
United States v. Ranney, 82 Cr. 771 (EW)
(S.D.N.Y. 1983)).

**REQUEST NO. 18**

**Count Three: Mail Fraud**

**First Element – Existence of Scheme or Artifice to Defraud**

The first element the Government must prove beyond a reasonable doubt is the existence of a scheme or artifice to defraud others of money or property by means of false or fraudulent pretenses, representations, or promises.

I have already defined these terms for you, and you should rely on the instructions I gave you with respect to the first element of wire fraud.

## REQUEST NO. 19

### Count Three: Mail Fraud

### Second Element – Participation in Scheme With Intent to Defraud

The second element the Government must prove beyond a reasonable doubt is the that the defendant knowingly and willfully devised or participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud.

I have already defined these terms for you, and you should rely on the instructions I gave you with respect to the second element of wire fraud.

## REQUEST NO. 20

### Count Three: Mail Fraud

### Third Element – Use of the Mails

The third element of mail fraud that the Government must prove beyond a reasonable doubt is the use of the mails in furtherance of the fraudulent scheme.  The use of the mails as I have used it here includes material sent through either the United States Postal Service or a private or commercial interstate carrier.

The mailed matter need not contain a fraudulent representation or purpose or request for money.  It must, however, further or assist in the carrying out of the scheme to defraud.

It is not necessary for the defendant to have been directly or personally involved in the mailing so long as the mailing was reasonably foreseeable in the execution of the scheme to defraud in which the defendant is accused of participating.

In this connection, it would be enough to establish this element of the crime if the evidence justifies a finding that the scheme, in which the defendant participated, caused a mailing by others; and this does not mean that the defendant

41

himself must specifically have authorized others to do the mailing.  This mailing requirement can be satisfied even if the mailing was done by the person being defrauded or some other innocent party.  When a person does an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use of the mails can reasonably be foreseen by that person, even though he does not actually intend such use of the mails, then he nonetheless causes the mails to be used.

With respect to this element, the Government must prove beyond a reasonable doubt that the scheme involved the use of the mails.  However, the Government does not have to prove that any particular use of the mails was made on the exact date charged in the Indictment.  It is sufficient if the evidence establishes beyond a reasonable doubt that the mailing was made on a date substantially similar to the date charged in the Indictment.

> Adapted from the charges of the Honorable
> Michael B. Mukasey in United States v.
> Harding, 91 Cr. 43 (MBM) (S.D.N.Y. 1991) and
> in United States v. Uccio, 88 Cr. 906 (MBM)
> (S.D.N.Y. 1989), aff'd, 917 F.2d 80 (1990)
> (wire fraud), and from Sand et al., Modern
> Federal Jury Instructions, Instr. 44-6.

**REQUEST NO. 21**

**Counts Two Through Four:**
**Wire Fraud and Mail Fraud**

**Aiding and Abetting**

With respect to Counts Two through Four, the Indictment also charges the defendant with what is called "aiding and abetting." The aiding and abetting statute, Section 2(a) of Title 18 of the United States Code, provides that:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

Under the aiding and abetting statute, it is not necessary for the Government to show that the defendant himself physically committed the crime with which he is charged in order for you to find the defendant guilty. Thus, if you do not find beyond a reasonable doubt that the defendant you are considering committed the crime charged himself, you may, under certain circumstances, still find that particular defendant guilty of that crime as an aider or abettor.

A person who aids or abets another to commit an offense is just as guilty of that offense as if he or she committed it himself. Accordingly, you may find a particular

43

defendant guilty of the substantive crime if you find beyond a reasonable doubt that the Government has proved that another person physically committed the crime, and that the defendant aided and abetted that person in the commission of the offense.

As you can see, the first requirement is that another person has committed the crime charged.  Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place.  But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant willfully and knowingly associate him or herself in some way with the crime, and that he or she willfully and knowingly participate in the crime by doing some act to help make the crime succeed.  Participation in a crime is willful if action is taken voluntarily and intentionally, or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

To establish that a defendant participated in the

44

commission of the crime, the government must prove that the defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting. One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor. An aider and abettor must know that the crime is being committed and act in a way which is intended to bring about the success of the criminal venture.

To determine whether a particular defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

--Did he participate in the crime charged as something he wished to bring about?

--Did he associate himself with the criminal venture knowingly and willfully?

--Did he seek by his actions to make the criminal venture succeed?

45

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense.  If he did not, then that defendant is not an aider and abettor, and is not guilty of aiding and abetting that offense.

       Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 11-2.

**REQUEST NO. 22**

**Counts Two through Four:**
**Wire Fraud and Mail Fraud**

**Good Faith**

Since an essential element of the crimes charged is an intent to defraud, it follows that good faith on the part of a defendant is a defense to the charge of wire fraud and mail fraud.  A defendant, however, has no burden of establishing a defense of good faith.  The burden is on the Government to prove fraudulent intent beyond a reasonable doubt and, consequently, a lack of good faith.

Even false representations or statements, or omissions of material facts, do not amount to a fraud unless done with fraudulent intent.  However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith.  An honest belief in the truth of the representations made by a particular defendant, and an honest belief that all material facts have been disclosed, is a complete defense, however inaccurate the statements may turn out to be.

In considering whether or not a particular defendant acted in good faith, you are instructed that a belief by the

47

defendant you are considering, if such belief existed, that

ultimately everything would work out so that no one would lose

any money does not mean that the defendant acted in good faith.

No amount of honest belief on the part of the defendant you are

considering that the scheme would ultimately aid the customers

in obtaining loan modifications will excuse fraudulent actions

or false representations made by that defendant, if the

defendant had the specific intent to harm his or her victims by

depriving them of accurate information that was material to

their decisions about how to use their assets, even if the

defendant sought only to deprive the purchasers and prospective

purchasers of accurate information for a limited period of time.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instr. 44-5 (based on the charge of
> the Honorable Edward Weinfeld in United States v.
> Ranney, 82 Cr. 771 (EW) (1983)); the charge of
> the Honorable Michael B. Mukasey in United States
> v. Uccio, 88 Cr. 906 (MBM) (1989), aff'd, 917
> F.2d 80 (1990); the charge of the Honorable
> Charles S. Haight, Jr. in United States v.
> Rogers, 90 Cr. 377 (CSH) (1991); the charge of
> the Honorable John G. Koeltl in United States v.
> Szur, 97 Cr. 108 (JGK) (1998); and the charge of
> the Honorable Allen G. Schwartz in United States
> v. Reinhold, 97 Cr. 686 (AGS) (1998); see also
> United States v. Bryser, 954 F.2d 79, 88-89 (2d
> Cir. 1992) (mail fraud; Government need not
> establish that defendant participated in all
> aspects of scheme), cert. denied, 112 S. Ct. 2939
> (1992); United States v. Amrep Corp., 560 F.2d
> 539, 543 (2d Cir. 1977) (holding that defendant

48

may be liable for fraudulent transaction in which
he did not directly participate, so long as part
of overall scheme) (citations omitted), <u>cert</u>.
<u>denied</u>, 434 U.S. 1015 (1978); <u>United States</u> v.
<u>Schwartz</u>, 924 F.2d 410, 420 (2d Cir. 1991) ("It
need not be shown that the intended victim of the
fraud was actually harmed; it is enough to show
defendants contemplated doing actual harm, that
is, something more than merely deceiving the
victim."); <u>United States</u> v. <u>King</u>, 860 F.2d 54, 55
(2d Cir. 1988) (same), <u>cert</u>. <u>denied</u>, 490 U.S.
1065 (1989); <u>United States</u> v. <u>Rossomando</u>, 144
F.3d 197 (2d Cir. 1998).

**REQUEST NO. 23**

**Counts Two through Four:**
**Wire Fraud and Mail Fraud**

**Conscious Avoidance**

**[If applicable]**

As I have explained to you, in determining whether the defendant acted knowingly, you may consider whether he deliberately closed his eyes to what otherwise would have been obvious. Thus, with regard to Counts Two through Four, if you find beyond a reasonable doubt that the defendant was aware that there was a high probability that a scheme to defraud existed, but deliberately and consciously avoided confirming this fact, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge, unless you find that the defendant actually believed that he and his associates were acting in a lawful manner. However, let me emphasize again that the necessary knowledge cannot be established by a showing that the defendant was careless, negligent, or even foolish.

> Adapted from the charge upheld in United States v. Mang Sun Wong, 884 F.2d 1537, 1541-43 (2d Cir. 1989); see also United States v. Jacobs, 117 F.3d 82 (2d Cir. 1997) (conscious avoidance charge in bank fraud case proper where defendant claimed ignorance).

50

**REQUEST NO. 24**

**Counts Two through Four:**
**Wire Fraud and Mail Fraud**

**No Ultimate Harm**

Acting with intent to defraud requires acting with a purpose to cause actual financial harm to another.  Actual financial harm includes denying a person or entity access to money.  If a defendant deliberately supplies material false information in order to obtain money, but believes that no harm will ultimately accrue to the person from which he obtained the money, i.e. that a favorable loan modification will result, that belief that no harm will result, or even the fact that no harm results, is no defense.  Thus, if you find that the defendant you are considering intended to inflict harm by obtaining money fraudulently, you may find that the defendant acted with intent to defraud.

> Adapted from the charge of the Honorable
> Denise L. Cote in United States v. Robinson,
> 98 Cr. 167 (DLC) (2000); see also United
> States v. DiNome, 86 F.3d 277, 284 (2d Cir.
> 1996) (definition of property includes right
> to control the use of assets; intent to
> defraud where defendant intends to deprive
> victim of information material to victim's
> decision on how to deal with assets); United
> States v. Rossomando, 144 F.3d 197 (2d Cir.
> 1998) (intent to cause harm to victim where
> defendant obtains loan by means of false

51

information, notwithstanding intent to repay
loan, because defendant intended to deprive
lender of ability to accurately determine
risk); <u>United States</u> v. <u>Berkovich</u>, 168 F.3d
64, 66 (2d Cir. 1999) (same).

## REQUEST NO. 25

## Counts One through Four

## Negligence of Victim Not a Defense

It is also unimportant whether a victim might have discovered the fraud had it probed further.  If you find that a scheme or artifice to defraud existed, it is irrelevant whether you believe that a victim was careless, gullible, or even negligent.

Here, the Government alleges that the defendant and his co-conspirators were involved in a scheme to defraud homeowners by making false promises to induce the homeowners to pay up-front fees.  The Government also alleges that the defendant was involved in a scheme to defraud mortgage companies in order to induce the companies to provide mortgage modifications.

Negligence, carelessness, or gullibility on the part of the victims is no defense to a charge of such fraud.

> Adapted from the charge of the Honorable Kimba M. Wood in United States v. Shvartsman, 04 Cr. 1368 (KMW) (2006).

**REQUEST NO. 26**

**Venue**

In addition to all of the elements I have described, you must also decide whether any act in furtherance of each of those crimes occurred within the Southern District of New York, which includes all of Manhattan, the Bronx, Westchester Rockland, Putnam, Dutchess, Orange, and Sullivan Counties. This means that, with regard to each count, you must decide whether the crime charged in a particular count or any act committed to further or promote the crime, occurred within the Southern District of New York.

I should note that on this issue -- and this issue alone -- the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that the crime charged or any act in furtherance of the crime you are considering for a particular count occurred in the Southern District of New York.

With respect to the charge of wire fraud, it is enough if the Government proves that it is more likely than not that a wire communication in furtherance of the fraud began in, moved

through, or ended up in, this District during its journey.  \

　　　　With respect to the charge of mail fraud, it is enough if the Government proves that it is more likely than not that a mailing in furtherance of the fraud began in, moved through, or ended up in, this District during its journey.

　　　　If you find that the Government has failed to prove this venue requirement by a preponderance of the evidence with respect to any one of the charges in the Indictment, then you must acquit the defendant of that charge.

> Adapted from the charge of the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (CSH) (1991) (wire fraud), and from Sand, Modern Federal Jury Instructions, Instr. 3-11; see 18 U.S.C. § 3237 (general venue provision for offenses committed in more than one district).  See also United States v. Naranjo, 14 F.3d 145, 147 (2d Cir. 1994) ("[P]hone calls from one district into another can establish venue in the latter district so long as they further the ends of the conspiracy."); United States v. Gonzalez, 922 F.2d 1044, 1054-55 (2d Cir. 1991) (affirming that venue is governed by a preponderance standard).

## REQUEST NO. 27

## Particular Investigative Techniques Not Required

### [If Applicable]

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were used by the Government and certain other investigative techniques were not used.  There is no legal requirement that the Government prove its case through any particular means.  While you are to consider carefully the evidence adduced by the Government, you need not speculate as to why they used the techniques they did, or why they did not use other techniques.  The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

> Adapted from the charges of the Honorable
> Loretta A. Preska in United States v. Ronald
> Davidson, 97 Cr. 490 (LAP) (1998); the
> charge of the Honorable Pierre N. Leval in
> United States v. Mucciante, 91 Cr. 403 (PNL)
> (1992); and the charge of the Honorable John
> F. Keenan in United States v. Medina, 912
> Cr. 894 (JFK) (1992).

56

<u>**REQUEST NO. 28**</u>

<u>**Defendant's Testimony**</u>

**[Requested only if a defendant testifies.]**

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent.  In this case, the defendant did testify and he was subject to cross-examination like any other witness.  You should examine and evaluate the defendant's testimony just as you would the testimony of any witness.

Adapted from <u>United States</u> v. <u>Prince Gaines</u>,
457 F.3d 238, 249 n.9 (2d Cir. 2006).

57

## REQUEST NO. 29

## Defendant's Right Not To Testify

## [If Requested By Defense]

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he or she is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand, Modern Federal Jury Instructions, Instr. 5-21.

58

**REQUEST NO. 30**

**Law Enforcement Witnesses**

You have heard the testimony of law enforcement witnesses.  The fact that a witness may be employed as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness or witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 7-16.

59

## REQUEST NO. 31

## Cooperating Witnesses

You have heard witnesses who testified that they committed crimes and, in some cases, that they were actually involved in the crimes charged in the Indictment.  There has been a great deal said about these so-called accomplice (or "cooperating") witnesses in the summations of counsel and whether or not you should believe them.

Experience will tell you that the Government frequently must rely on the testimony of witnesses who admit participating in the alleged crimes at issue.  The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

The testimony of such accomplices and cooperating witnesses is properly considered by the jury.  If accomplices could not be used, there would be many cases in which there was real guilt and conviction should be had, but in which convictions would be unobtainable.

For these very reasons, the law allows the use of accomplice testimony.  Indeed, it is the law in federal courts

60

that the testimony of an accomplice may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

However, because of the possible interest an accomplice may have in testifying, the accomplice's testimony should be scrutinized with special care and caution.  The fact that a witness is an accomplice can be considered by you as bearing upon her credibility.  However, it does not follow that simply because a person has admitted to participating in one or more crimes, that he or she is incapable of giving a truthful version of what happened.

Like the testimony of any other witness, accomplice witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness' demeanor, candor, the strength and accuracy of a witness' recollection, his or her background and the extent to which his or her testimony is or is not corroborated by other evidence.  You may consider whether accomplice witnesses -- like any other witnesses called in this case -- have an interest in the outcome of the case, and if so, whether it has affected their testimony.

You heard testimony about an agreement between the

61

Government and one or more witnesses.  I must caution you that
it is no concern of yours why the Government made an agreement
with a witness.  Your sole concern is whether a witness has
given truthful testimony here in this courtroom before you.

In evaluating the testimony of accomplice witnesses,
you should ask yourselves whether the accomplices would benefit
more by lying, or by telling the truth.  Was his or her
testimony made up in any way because he or she believed or hoped
that he or she would somehow receive favorable treatment by
testifying falsely?  Or did he or she believe that his or her
interests would be best served by testifying truthfully?  If you
believe that the witness was motivated by hopes of personal
gain, was the motivation one which would cause him or her to
lie, or was it one which would cause him or her to tell the
truth?  Did this motivation color his or her testimony?

If you find that the testimony was false, you should
reject it.  However, if, after a cautious and careful
examination of the accomplice witness's testimony and demeanor
upon the witness stand, you are satisfied that the witness told
the truth, you should accept it as credible and act upon it
accordingly.

As with any witness, let me emphasize that the issue

62

of credibility need not be decided in an all-or-nothing fashion.

Even if you find that a witness testified falsely in one part,

you still may accept his or her testimony in other parts, or may

disregard all of it.  That is a determination entirely for you,

the jury.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instr. 7-5; from the charge of
> the Honorable John F. Keenan in United
> States v. Carrero, 91 Cr. 365 (JFK) (1991);
> and from the charge in United States v.
> Projansky, 465 F.2d 123, 136-37 n.25 (2d
> Cir. 1972) (specifically approving charge
> set forth in footnote).  See United States
> v. Gleason, 616 F.2d 2, 15 (2d Cir. 1979)
> ("Where the court points out that testimony
> of certain types of witnesses may be suspect
> and should therefore be scrutinized and
> weighed with care, such as that of
> accomplices or coconspirators . . . it must
> also direct the jury's attention to the fact
> that it may well find these witnesses to be
> truthful, in whole or in part.") (citations
> omitted), and United States v. Cheung Kin
> Ping, 555 F.2d 1069, 1073 (2d Cir. 1977)
> (same).  See also United States v.
> Swiderski, 539 F.2d 854, 860 (2d Cir. 1976)
> (can be reversible error not to give
> accomplice witness charge if requested by
> defense).

## REQUEST NO. 32

## Character Witnesses

## [If Applicable]

During the course of this trial, there has been testimony that the defendant [describe testimony: e.g., has a reputation for honesty and integrity in his or her community.] [There has also been testimony to the contrary].  That testimony bears on the defendant's character.  Character testimony should be considered together with all the other evidence in the case in determining the guilt or innocence of the defendant. Evidence of good character may in itself create a reasonable doubt where, without such evidence, no reasonable doubt would have existed.  But if on all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that the defendant is guilty, a showing that he previously enjoyed a reputation of good character does not justify or excuse the offense and you should not acquit the defendant merely because you believe he is a person of good repute.  The testimony of a character witness is not to be taken by you as the witness's opinion as to the guilt or innocence of a defendant.  [Indeed, a number of the character witnesses testified that they were not aware of the facts of this

64

particular case.]  The guilt or innocence of a defendant is for

you alone to determine, and that should be based on all the

evidence you have heard in the case.

> Adapted from Sand, <u>Modern Federal Jury
> Instructions</u>, Instr. 5-15; and from the
> charge in <u>United States</u> v. <u>Pujana-Mena</u>, 949
> F.2d 24, 27-31 (2d Cir. 1991) (defendant is
> not entitled to a charge that character
> evidence "standing alone" is enough for
> acquittal).

65

**REQUEST NO. 33**

**Stipulations of Fact**

**[If Applicable]**

In this case you have heard evidence in the form of stipulations that contained facts that were agreed by the parties to be true.  You must accept the facts contained in those stipulations to be true.

> Adapted from the charge of Judge Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (1992), aff'd, 21 F.3d 1228 (2d Cir. 1994), and from Sand, Modern Federal Jury Instructions, Instr. 5-6 & 5-7.

**REQUEST NO. 34**

**Stipulations of Testimony**

**[If Applicable]**

A stipulation of testimony is an agreement between the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the effect and weight to be given that testimony.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-7.

## REQUEST NO. 35

## Variance in Dates and Amounts

As we have proceeded through the Indictment, you have noticed that it refers to various dates and amounts.  It does not matter if the Indictment provides that specific conduct is alleged to have occurred on or about a certain date and the evidence indicates that in fact it was on another date.  The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.

Similarly, if the Indictment charges that certain monetary amounts were involved, and the testimony or exhibits indicate that in fact different amounts were involved, it is sufficient if you find that the amounts involved are substantially similar to the amounts as alleged in the Indictment.

> Adapted from the charges of the Honorable Edward Weinfeld in United States v. Della Rocca, 72 Cr. 217 (EW) (1972); of Judge Metzner in United States v. Koss, aff'd, 506 F.2d 1103 (2d Cir. 1974); and of the Honorable Richard Owen in United States v. Lofland, 75 Cr. 769 (RO) (1975); Sand, Modern Federal Jury Instructions, Instr. 3-12, 3-13.

**REQUEST NO. 36**

**Limiting Instruction – Similar Act Evidence**

**[If Applicable]**

The Government has offered evidence to show that on a different occasion the defendant engaged in conduct similar to the charges in the Indictment.  In that connection, let me remind you that the defendant is not on trial for committing acts not alleged in the Indictment.  Accordingly, you may not consider this evidence of similar acts as a substitute for proof that the defendant committed the crimes charged.  Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character.  The evidence of the other, similar acts was admitted for a much more limited purpose and you may consider it only for that limited purpose.

If you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not draw an inference that in doing the acts charged in the Indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident or other innocent reason.

Moreover, if you determine that the defendant did engage in the other conduct, and you find that the conduct had

69

sufficiently similar characteristics to the acts charged in the Indictment, then you may, but you need not, infer that the acts charged in the Indictment were part of a common plan or scheme employed by the defendant.

Evidence of similar acts may not be considered by you for any other purpose.  Specifically, you may not use this evidence to conclude that because the defendant committed the other act, he must also have committed the acts charged in the Indictment.  You may only consider this evidence on the issue of common plan or preparation, or on the issue of whether the defendant acted knowingly and intentionally.

> Adapted from the charge of the Honorable Kimba M. Wood in United States v. Kelley, S2 05 Cr. 254 (KMW) (2006); the Honorable John F. Keenan in United States v. Carrero, 91 Cr. 365 (JFK) (1991); and from Sand, Modern Federal Jury Instructions, Instr. 5-25.  See United States v. Brauning, 553 F.2d 777, 781 (2d Cir. 1977) (intent and knowledge); United States v. Arroyo-Angulo, 580 F.2d 1137 (2d Cir. 1978) (plan or preparation); United States v. Campanile, 516 F.2d 288 (2d Cir. 1975) (plan or preparation).  See United States v. Pitre, 960 F.2d 1112, 1119 (2d Cir. 1992) ("[U]pon request, the district court must give an appropriate limiting instruction to the jury" when admitting similar act evidence pursuant to Rule 404(b)).

## REQUEST NO. 37

## Uncalled Witnesses – Equally Available

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 6-7.  See United States v. Super, 492 F.2d 319, 323 (2d Cir. 1974) (proper to instruct jury that no inference should be drawn from the absence of a witness who was equally unavailable to both sides); accord United States v. Brown, 511 F.2d 920, 925 (2d Cir. 1975).

71

## REQUEST NO. 38

## Charts and Summaries – Admitted As Evidence

## [If Applicable]

Now, some of the exhibits that were admitted into evidence were in the form of charts and summaries.  I decided to admit these charts and summaries in place of, or in addition to, the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider these charts and summaries as you would any other evidence.

> Adapted from the charge of the Honorable Kimba M. Wood in <u>United States</u> v. <u>Bell</u>, et al., 00 Cr. 92 (KMW), tr. 4038-39.

## REQUEST NO. 39

### Summary Charts - Not Admitted As Evidence

### [If Applicable]

There have also been a number of summary charts and exhibits introduced merely as a summary and analysis of testimony and documents in the case.  The charts and exhibits act as visual aids for you.  They are not, however, evidence in themselves.  They are graphic demonstrations of underlying evidence.  It is the underlying evidence and the weight which you attribute to it that gives value and significance to these charts.  To the extent that the charts conform to what you determine the underlying facts to be, you should accept them.  To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them.

> Adapted from the charge of Judge Lloyd
> MacMahon in United States v. Bernstein, 68
> Cr. 33, Tr. 791, aff'd,317 F.2d 641 (2d Cir.
> 1969).

73

**REQUEST NO. 40**

**Preparation of Witnesses**

**[If Applicable]**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness' credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness' preparation for his or her testimony and what

74

inferences you draw from such preparation are matters completely

within your discretion.

        Adapted from the charge of the Honorable
        Michael B. Mukasey in <u>United States</u> v. <u>Abdul
        Latif Abdul Salam</u>, 98 Cr. 208 (MBM) (1999).

## REQUEST NO. 41

## Redaction of Evidentiary Items

### [If applicable]

We have, among the exhibits received in evidence, some documents that are redacted.  "Redacted" means that part of the document or tape was taken out.  You are to concern yourself only with the part of the item that has been admitted into evidence.  You should not consider any possible reason why the other part of it has been deleted.

76

**REQUEST NO. 42**

**Improper Considerations:**
**Race, Religion, National Origin, Sex, or Age**

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.  It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex, or age.  Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national, origin, sex, or age of any other witness or anyone else involved in this case.  The defendants are entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

> Adapted from the charge of the Honorable Kimba M. Wood in United States v. Alfonso, 02 Cr. 570 (KMW) (2003), and the charge of the Honorable Richard M. Berman in United States v. Kamara, S1 01 Cr. 979 (RMB) (2003).

**REQUEST NO. 43**

**Persons Not On Trial**

If you conclude that other persons may have been involved in criminal acts charged in the Indictment, you may not draw any inference, favorable or unfavorable, toward either the Government or the defendant from the fact that those persons are not named as defendants in this Indictment or are not present at this trial.

In addition, you should not speculate as to the reasons that individuals other than the defendants are not defendants in this trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors in this trial.

> Adapted from the charge of the Honorable Michael B. Mukasey in United States v. Bello, 91 Cr. 571 (MBM) (S.D.N.Y.), aff'd, 990 F.2d 622 (2d Cir. 1993), and the charge of the Honorable Louis L. Stanton in United States v. Nguyen, 94 Cr. 541 (LLS) (1995).

## REQUEST NO. 44

### Sympathy: Oath as Juror

Under your oath as jurors you are not to be swayed by sympathy.  You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is:  Has the Government proved the guilt of the defendant beyond a reasonable doubt?

It is for you and you alone to decide whether the Government has proved that the defendants are guilty of the crimes charged, solely on the basis of the evidence and subject to the law as I have instructed you.  It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to any of the individual defendant's guilt with respect to a particular count, you should not hesitate to render a verdict of acquittal on that charge for that defendant.  But, on the other hand, if you should find that the Government has met its burden of proving that defendant's guilt beyond a reasonable doubt, with respect to a particular count, you should not hesitate because of sympathy or any other reason to render a verdict of guilty on

that charge.

## REQUEST NO. 45

## Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to each count of the Indictment with which he is charged.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.  Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.

81

But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open Court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Dated:     New York, New York
           May 2, 2012

                          Respectfully submitted,

                          PREET BHARARA
                          United States Attorney for the Southern
                          District of New York


                  By:    ____/s/ Niketh Velamoor____
                          NICOLE FRIEDLANDER
                          NIKETH VELAMOOR
                          Assistant United States Attorneys
                          (212) 637-2211/1076


                                82

<u>AFFIRMATION OF SERVICE</u>

NIKETH VELAMOOR, pursuant to Title 28, United States Code, Section 1746, hereby declares under the penalty of perjury:

That he is an Assistant United States Attorney in the Office of the United States Attorney for the Southern District of New York; and

That on May 2, 2012, he caused a copy of the attached Proposed Requests to Charge to be delivered to the following defense counsel by ECF:

| James Kousouros, Esq. | Allan Brenner, Esq. |
|---|---|
| | |

I declare under penalty of perjury that the foregoing is true and correct, pursuant to 28 U.S.C. Section 1746.

Dated:   New York, New York
         May 2, 2012

                         /s/ Niketh Velamoor
                         NIKETH VELAMOOR

83