UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                                                 10 Cr. 709 (GBD)

       - against -


ISAAK KHAFIZOV,
                        Defendant.
-------------------------------------------------------------------X

## ISAAK KHAFIZOV'S PROPOSED VOIR DIRE QUESTIONS

       The defendant herein, by and through his attorneys, James Kousouros and Allan L. Brenner, hereby requests that the Court ask the following questions as part of the voir dire in this case. The defendant further requests that the Court advise the panel at the outset of jury selection that if there is anything they would like to say out of the presence and hearing of the other jurors, they should make that fact known so that the issue can be discussed at sidebar. :

**PERSONAL AND GENERAL INFORMATION**

1.      Each of you should state:

(a) your name;
(b) where you live;
(c) how long you have lived at this address;
(d) your marital status (whether married, single, widowed or divorced);
(e) the number and ages of your children, if any;
(f) how far you went in school;
(g) what degree(s) you acquired.
(h) your occupation, its length, or previous employment;
(I) your spouse's occupation, its length, or previous employment;
(j) the name of your present employer, if any.

2.      Describe any management or supervisory responsibilities in current or previous employment that you or someone close to you has had.

3.    Describe your experiences in delegating responsibilities to others.

4.    Describe any experience you have had, or someone close to you has had, as a director, manager or senior-level executive for a corporation or business.

5.    Have you ever had an experience with a supervisor or manager that left you with a strong positive or negative impression?

6.    Do you believe that officers in a company are always responsible for the conduct of the other employees in the company?

7.    Have any of you or anyone with whom you are close ever worked in the banking industry?  If so:

(a) for what company or companies?
(b) in what capacity?
(c) what were the duties or responsibilities?

8.    In recent years, there has been a fair amount of public discourse regarding the banking industry; as a result of this information have you formed any opinion about the banking industry?

9.    Do you now or have you ever owned a home?

10.   Have you ever applied for a mortgage loan?  If so:

(a) when was that?
(b) with what bank?
(c) how would you describe your experience with the bank?
(d) when you applied for a mortgage loan, did you use a mortgage broker or did you deal directly with the lender?
(e) was there anything about your experience with a mortgage broker that would affect your ability to be a fair and impartial juror in this case?

11.   Was your home ever subject to foreclosure?

12.   If it was, what steps did you take to prevent foreclosure?

13.   Have you ever sought a mortgage modification? If so:

(a) did you do so through any representative or did you handle it yourself?
(b) did you fill out the application yourself, or was done it by a representative?
(c) if you used some representative, how would you describe your experience?

14.   Has anyone read or heard any media report related to mortgage or mortgage modification fraud?

15. As a result of what you have read or heard in the media, can you still be a fair and impartial juror in this case?

16. In sum, is there anything about the banking industry, or the mortgage loan or modification industry that would prevent you from being a fair and impartial juror in this case?

17. Have you ever responded to a mail or telephone solicitation in a finance-related matter? If so:

(a) what was the nature of the solicitation;
(b) what was the ultimate result;
(c) how would you describe your experience?

18. Do you have any feelings about mail or telephone solicitations in finance-related matters that would prevent you from being a fair and impartial juror in this case?

19. Have you ever served in the United States military? If so:

(a) what branch?
(b) when?
(c) rank?
(d) where?

### LAW ENFORCEMENT/LEGAL TIES

20. Do you, or do any members of your family or friends know the judge, any of the Assistant United States Attorneys, or any of the defense attorneys?

21. Do you know or recognize any other prospective jury panelist in the courtroom this morning? If so, what is the basis of the relationship? Would such relationship or acquaintance influence your judgment in this case?

22. Do you have any relatives or friends who are connected with:

(a) the United States Attorney's Office;
(b) a district attorney's office;
(c) any law enforcement or other quasi-law enforcement agency, including
    →the Federal Bureau of Investigation (F.B.I.);
    →the Treasury Department;
    →the Department of Homeland Security;
    →the United States Customs Service;
    →the Drug Enforcement Administration (D.E.A);
    →the Bureau of Alcohol, Tobacco and Firearms (A.T.F.);
    →the Internal Revenue Service (I.R.S.);
    →the Central Intelligence Agency (C.I.A.);

→the Secret Service;
→the New York City Police Department,
→the New York State Police or any other federal, state or municipal law enforcement agency, or prosecutor's office?

If you have any such relatives or friends connected with law enforcement, have you ever discussed the guilt or non-guilt of people charged with violating the law?

23.     Have you ever been a police officer or military police officer or worked in a security field either for the state or national government or for private industry?

24.     The government will present evidence through the testimony of law enforcement agents. Do any of you believe that police officers are more believable, in general, than a person who is not a law enforcement officer?

25.     If the testimony of a non-law enforcement witness conflicted with the testimony of a law enforcement witness, would you be more likely to believe the law enforcement agent's version because he was a law enforcement agent?

26.     Are you, any member of your family, or any close friends lawyers, law students or paralegals?

27.      Do you or do any members of your family know any of the persons who are employed by the government who worked on this case and who will testify in court, or any other witnesses who will testify for the prosecution in this case?

**PRIOR JURY SERVICE/LITIGATION/CRIME VICTIMS**

28.     Have any of you ever sat as a juror in a civil case? If so:

(a) when?
(b) where?
(c) how often?

29.     Have any of you ever sat as a juror in a criminal case? If so:

(a) when
(b) where?
(c) what type of case?
(d) did you reach a verdict?
(e) what was the verdict?

30.     Have you ever served on such a case in which there was an acquittal? If so, did the judge comment on the verdict after it was brought in by the jury? If so, what was said by the judge, and who was the judge involved?

31.     Have any of you ever served on a federal or state grand jury? If so:

(a) when?
(b) where?
(c) how often?

32.     Have any of you, any members of your immediate family, or friends been a party in a civil action? If so, please explain.

33.     Have any of you, any members of your family, or close personal friends ever testified in a civil or criminal trial or before a grand jury? If so, please explain.

34.     Have you or any member of your family or any of your close friends ever been the victim of a monetary crime, such as fraud or identity theft? If so,

(a) state the nature of the crime and the date of the crime.
(b) was the crime solved?
(c) what, if any, loss or injury was sustained?

**PRINCIPLES OF LAW**

35.     Do you agree with the fact that an indictment is merely a device for setting in motion the presentation of a case to the jury for your individual determination of a person's innocence or guilt; that it is not proof and that no unfavorable inference may be drawn against a person merely because he or she is charged with a crime?

36.     How do you feel about our basic constitutional presumption that every person charged with a criminal offense is presumed innocent of any crime until proven guilty beyond a reasonable doubt and to a moral certainty? Would you have any difficulty applying this presumption?

37.     Do you realize that the burden of proof is greater for a criminal case than for a civil case? The proof to establish the guilt of any person must be beyond a reasonable doubt.

38.     Do you understand that the burden of proof beyond a reasonable doubt rests with the prosecution? Would you require the prosecution to prove each and every element of an offense to a moral certainty and beyond a reasonable doubt?

39.     If the prosecution failed in its burden of proof with that degree of evidence amounting to proof beyond a reasonable doubt, would you have any difficulty in finding a person not guilty?

40.     If, after you hear the evidence, you thought that the government had not proven its case beyond a reasonable doubt, but that Mr. Khafizov was probably guilty – would you nevertheless be able to return a verdict of not guilty?

41. Do you realize that you must give Mr. Khafizov the benefit of the presumption of innocence without any mental reservations whatsoever and that you are to consider this presumption of innocence as actual proof of innocence unless it is overcome by proof of guilt beyond a reasonable doubt?

42. Knowing now that the burden of proof is for the government to establish, would you nevertheless expect or require Mr. Khafizov to prove his innocence?

43. Do you understand and accept the principle that a defendant in a criminal case is not required to explain his side of the case since the burden of proof does, in fact, rest with the government?

44. If Mr. Khafizov chose to exercise his constitutional right not to testify, would you consider this to be any indication whatsoever of guilt?

45. Do you realize that you are the sole and exclusive judge of the facts and that you are to judge this case solely on the evidence before you and not allow the fear of later criticism to affect your verdict?

46. Would any of you change your verdict simply because a majority of the other jurors believed that Mr. Khafizov was guilty and you were in the minority?

47. Would the fact that you were in the minority influence your vote at all?

48. Do you know of any reason, or has anything occurred during this questioning period, that might make you doubtful as to whether you could be a completely fair and impartial juror in this case? If there is, it is now your duty to disclose this.

Dated:       Long Beach, New York
             May 2, 2012

                                    Yours, etc.


                                    Allan L. Brenner
                                    James Kousouros
                                    Attorneys for Isaak Khafizov
                                    260 Madison Avenue - 22nd floor
                                    New York NY 10017