UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                    10 Cr. 709 (GBD)

             - against -



ISAAK KHAFIZOV,
                         Defendant.
--------------------------------------------------------------------X




**ISAAK KHAFIZOV'S FIRST PROPOSED REQUESTS TO CHARGE**




  -


                                        Yours, etc.

                                        Allan L. Brenner
                                        James Kousouros
                                        Attorneys for Isaak Khafizov
                                        260 Madison Avenue - 22nd floor
                                        New York NY 10016
                                        (212) 532-1934

# TABLE OF CONTENTS

## *PRELIMINARY INSTRUCTIONS*

DEFENDANT'S INSTRUCTION NO. 1.1
Duty of the Jury . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

DEFENDANT'S INSTRUCTION NO. 1.2
What is Not Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

DEFENDANT'S INSTRUCTION NO. 1.3
Evidence for a Limited Purpose . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

DEFENDANT'S INSTRUCTION NO. 1.4
Direct and Circumstantial Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

DEFENDANT'S INSTRUCTION NO. 1.6
Ruling on Objections . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9


## *CLOSING INSTRUCTIONS*

DEFENDANT'S INSTRUCTION NO. 2
Juror Attentiveness . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

DEFENDANT'S INSTRUCTION NO. 3
Role of the Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

DEFENDANT'S INSTRUCTION NO. 4
Role of the Jury . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

DEFENDANT'S INSTRUCTION NO. 5
Juror Obligations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14

DEFENDANT'S INSTRUCTION NO. 6
The Government as a Party . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

DEFENDANT'S INSTRUCTION NO. 7
Conduct of Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16

DEFENDANT'S INSTRUCTION NO. 8
Direct and Circumstantial Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   17

DEFENDANT'S INSTRUCTION NO. 9
Questions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   18

DEFENDANT'S INSTRUCTION NO. 10
Indictment is not Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   19

DEFENDANT'S INSTRUCTION NO. 11
The Charges . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   20

DEFENDANT'S INSTRUCTION NO. 12
Knowledge, Willfulness, Intent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   21

DEFENDANT'S INSTRUCTION NO. 13
Knowingly . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   22

DEFENDANT'S INSTRUCTION NO. 14
Willfully . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   23

DEFENDANT'S INSTRUCTION NO. 15
Intentionally . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   24

DEFENDANT'S INSTRUCTION NO. 16
Presumption of Innocence and Burden of Proof . . . . . . . . . . . . . . . . . . . . . . . . . . . .   25

DEFENDANT'S INSTRUCTION NO. 17
Reasonable Doubt . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   26

DEFENDANT'S INSTRUCTION NO. 18
Good Faith . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   27

DEFENDANT'S INSTRUCTION NO. 19
Reliance On Professionals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   29

DEFENDANT'S INSTRUCTION NO. 20
Consider Only the Charges . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   30

DEFENDANT'S INSTRUCTION NO. 21
Multiple Counts, One Defendant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   32

DEFENDANT'S INSTRUCTION NO. 22
Mail Fraud . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   33

DEFENDANT'S INSTRUCTION NO. 23
First Element—Existence of a Scheme or Artifice to Defraud . . . . . . . . . . . . . . . . . . .   34

DEFENDANT'S INSTRUCTION NO. 24
Materiality . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   37

DEFENDANT'S INSTRUCTION NO. 25
First Element—Participation in Scheme with Intent . . . . . . . . . . . . . . . . . . . . . . . . . .   38

DEFENDANT'S INSTRUCTION NO. 26
Second Element— Money or Property as the Object of the Scheme . . . . . . . . . . . . . . .   40

DEFENDANT'S INSTRUCTION NO. 27
Third Element—Use of the Mails . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   41

DEFENDANT'S INSTRUCTION NO. 28
Mail Fraud—Venue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

DEFENDANT'S INSTRUCTION NO. 29
Wire Fraud . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

DEFENDANT'S INSTRUCTION NO. 30
Third Element—Use of Interstate Wire Communication Facilities . . . . . . . . . . . . . . . . . . 45

DEFENDANT'S INSTRUCTION NO. 31
Aiding and Abetting . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

DEFENDANT'S INSTRUCTION NO. 32
Conspiracy to Commit Mail and Wire Fraud . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

DEFENDANT'S INSTRUCTION NO. 33
First Element—Existence and Objects of the Conspiracy . . . . . . . . . . . . . . . . . . . . . . . . 49

DEFENDANT'S INSTRUCTION NO. 34
First Element—Alleged Unlawful Objectives, Need for Unanimity . . . . . . . . . . . . . . . . . 50

DEFENDANT'S INSTRUCTION NO. 35
Second Element—Membership in the Conspiracy.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 51

DEFENDANT'S INSTRUCTION NO. 36
Unlawfully, Knowingly, and Willfully Defined . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 53

DEFENDANT'S INSTRUCTION NO. 37
Objectives of Conspiracy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54

DEFENDANT'S INSTRUCTION NO. 38
Third Element—Commission of an Overt Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 55

DEFENDANT'S INSTRUCTION NO. 39
Commission of Overt Act in Furtherance of the Conspiracy . . . . . . . . . . . . . . . . . . . . . . 56

DEFENDANT'S INSTRUCTION NO. 40
First Count—Venue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57

DEFENDANT'S INSTRUCTION NO. 41
Variance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58

DEFENDANT'S INSTRUCTION NO. 42
Number of Witnesses and Uncontradicted Testimony . . . . . . . . . . . . . . . . . . . . . . . . . . 59

DEFENDANT'S INSTRUCTION NO. 43
Testimony, Exhibits, Stipulations, and Judicial Notice In General . . . . . . . . . . . . . . . . . . 60

DEFENDANT'S INSTRUCTION NO. 44
Judicial Notice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 61

DEFENDANT'S INSTRUCTION NO. 45
Similar Acts (if applicable) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   62

DEFENDANT'S INSTRUCTION NO. 46
Missing Witness Not Equally Available to Defendant . . . . . . . . . . . . . . . . . . . . . . . . . .   64

DEFENDANT'S INSTRUCTION NO. 47
Inference Defined (Presumptions) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   65

DEFENDANT'S INSTRUCTION NO. 48
Witness Credibility--General Instruction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   66

DEFENDANT'S INSTRUCTION NO. 49
Bias and Hostility . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   68

DEFENDANT'S INSTRUCTION NO. 50
Interest in Outcome . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   69

DEFENDANT'S INSTRUCTION NO. 51
Accomplices Called by the Government . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   70

DEFENDANT'S INSTRUCTION NO. 52
Informal Immunity of Government Witness (if applicable) . . . . . . . . . . . . . . . . . . . . . . .   71

DEFENDANT'S INSTRUCTION NO. 53
Government Witness—Not Proper To Consider Guilty Plea . . . . . . . . . . . . . . . . . . . . . .   72

DEFENDANT'S INSTRUCTION NO. 54
Witness's Plea Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   73

DEFENDANT'S INSTRUCTION NO. 55
Law Enforcement Witness . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   74

DEFENDANT'S INSTRUCTION NO. 56
Impeachment by Prior Inconsistent Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   75

DEFENDANT'S INSTRUCTION NO. 57
Expert Witness . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   76

DEFENDANT'S INSTRUCTION NO. 58
Duty To Consult And Need For Unanimity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   77

## DEFENDANT'S INSTRUCTION NO. 1.1
## Duty of the Jury[1]

This case is now officially on trial and you are the jurors in the case.

This is a criminal case brought by the United States government. The government charges the defendant with mail fraud, wire fraud, and conspiracy to commit mail and wire fraud. The charges against the defendant are contained in the indictment. The indictment is simply the description of the charges made by the government against the defendant; it is not evidence of anything.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes which the government must prove beyond a reasonable doubt or you must acquit the defendant: in the case of mail and wire fraud, the defendant knowingly, wilfully, and intentionally executed a scheme to defraud to obtain, by means of false or fraudulent pretenses, money or property with the use of the mails and, and in the case of conspiracy, the defendant knowingly, wilfully, and intentionally entered into an unlawful agreement to commit mail fraud or wire fraud, and committed at least one overt act in furtherance of the conspiracy.

These instructions are preliminary and the instructions I will give at the end of the case will control.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until proved guilty beyond a reasonable doubt. A defendant never has to prove innocence or present any evidence.

A preliminary word about your duties and trial procedures.

I have already instructed you that the function of the jury is to decide the disputed fact issues in the case.

Obviously, in order to discharge this duty, it is important that you listen carefully to the witnesses as they testify and form no judgment with respect to any witness or the outcome of the case as the trial moves forward.

In short, it is important to keep an open mind throughout the entire trial.

I also usually suggest that it is equally important to observe the witnesses as they testify. The reason for this is that the credibility of most witnesses, if not all, will be an issue. You will be called upon to appraise the credibility or the truthfulness of a particular witness' testimony. Often times it is not what a witness says, but how he says it that may give you a clue as to

---

[1] 1 L. Sand, et al., **Model Federal Jury Instructions – Criminal (2007)** (hereinafter "Sand"), Instruction No. 1-1.

whether or not to accept his version of an incident or an event as credible or believable.   In short, his manner of testifying before you, his appearance—that is, his general demeanor—is a factor that may play an important part in your reaching a judgment as to whether or not you can accept the witness' testimony as reliable.

As the trial proceeds, you may have impressions of a witness or a subject, but you must not allow these impressions to become fixed or hardened because if you do, in a sense you foreclose consideration of the testimony of other witnesses or other evidence that may come in subsequent to the witness you heard.  This would be unfair to one side or the other.

A case can be presented only step by step, witness by witness, before the totality of all evidence is before you.

We know from experience that frequently we will hear a person give his version of an event which sounds most impressive and even compelling, and yet, when we hear another person's version of the same event or even the same witness cross-examined with respect to it—what seemed so very compelling and impressive may be completely dissipated or weakened.

I am simply saying or trying to say to you in very simple terms, remember that usually there may be another side to every story.

Think of the old adage there are usually two sides to every story and remember you will not have heard both sides of any version until all the evidence in the case has been presented. Thus, it is important to keep an open mind throughout the taking of evidence.

In order to assure that you continue to keep an open mind, you are not— and the court now instructs you—to discuss the case among yourselves during the progress of the trial, to discuss the evidence or any aspect of the case, or talk to any of the witnesses in the case, or anyone about the case or permit anyone to talk to you about the case.

This instruction about not discussing the case with others or permitting others to talk to you about it extends to members of your own family, or friends.  It remains in effect whether I refer to it again or not.

The only time you are permitted to discuss or consider the case is when it is submitted for your final consideration, and that is after all the witnesses have been heard and after the lawyers who represent the parties have appeared before you and summed up, as we term it, giving their views as to what the evidence supports as to a fact finding—and after, of course, also importantly—the court's instructions as to the law.

It is only when the case is submitted to you for determination and you go into the jury room that you have the right to discuss or consider the evidence and make your fact determination.

If you want to take notes during the course of the trial, you may do so.  If you do take

Page 2 of 79

notes, be sure that your taking of notes does not interfere with your listening to and considering all of the evidence.  Also, if you take notes, do not  discuss them with anyone before or during your deliberations.  Your notes are to be used solely to assist you and are not to substitute for your recollection of the evidence in the case.  The fact that a particular juror has taken notes entitles that  juror's views to no greater weight than those of any other juror and your notes are not to be shown to any other juror during the course of deliberations.  If, during  your deliberations, you have any doubt as to any of the testimony, you will be permitted to request that the official trial transcript which is being made of these  proceedings be read to you.

The defendant, their attorneys and the government attorneys are now instructed not to speak to jurors or to speak about the case in your presence.

Thus you should understand that if they fail to acknowledge your presence, if you should see them at times when the court is not in session, they are not impolite or discourteous, but simply following the order of the court.

Now, a word about publicity.  I don't know, but there may be some publicity about this case.  I am sure you understand from what I have said during the selection of the  jury that cases are tried in the courtroom under prescribed rules of procedure, and  not in the press or on the radio or on television.  You must not be influenced by anything you may have seen or heard outside of the courtroom.

You are in the best position of anyone to listen to what the witnesses testify to. You will see these witnesses sworn; they will take a solemn oath before  you to tell you the truth, the whole truth and nothing but the truth.  You will hear them on direct examination and every word that is said.  You will hear them on cross-examination and every word that is said.

Certainly there isn't anything that anyone can print, say over the radio, or televise that would give you more information than what you hear from the lips of  the witnesses in this courtroom and such exhibits as come into the case under prescribed rules.

Often, the news media will print matters which they deem are significant when truly they are not significant, and often a writer will emphasize a point  which may even distort the testimony of a key witness, and sometimes in stories about a trial there are even inaccuracies.

You are instructed not to read, listen to, or watch news reports concerning the case. If you should unavoidably see an item, disregard it and put it out of your mind.

The fact is that from your seat you are in the best position to hear and see what goes on here, and you get only the evidence you are entitled to take into  account in deciding the fact issues in the case.

This instruction, too, continues throughout the entire trial, whether or not I repeat it to you.  Please remember that.

Finally, if any person should attempt to communicate with you or talk to you about the case, it is your duty to report that immediately to me, and to no one else.

Now a word about trial procedure.

The trial proper will start with what are called opening statements.  The attorneys representing the government and the attorneys representing the defendant will, before any evidence is received, appear before you and make opening statements.

This is a sort of framework or reference as to what the case is about--the  issues in the case—and the attorneys will set forth what they believe—and I  underscore the word believe—the evidence will show. These statements by the lawyers are made in good faith and on the basis of their preparation for trial.  But I must caution you now, and probably will again during the course of  the trial, that, however helpful these opening statements may be so that we can follow the testimony with reference to the issues in the case, they are not a  substitute for the evidence.

The only evidence that you may act upon is that which you will hear from a witness who will be sworn in your presence, takes an oath to tell the truth, and  following his questioning on direct examination, is subject to cross-examination, and such documents or exhibits as are admitted in evidence.

The totality of the testimony of witnesses and the exhibits constitute the evidence upon which you will reach a verdict in the case.

So, too, if during the course of the trial a lawyer for either the government or the defense should make any statement with reference to a fact matter, or include a fact reference in a question, or eventually in his summation refers to fact matters, you will bear in mind that statements by the lawyers are not evidence.

The sole and only evidence is that to which I have already referred.

After the opening statements, the government will offer its proof—that is  called the government's direct case.

Upon the conclusion of the government's case, the defendant may go forward with their case, if they choose to present any evidence.

If there is any rebuttal, the government will offer rebuttal.

A defendant is not required to make an opening statement or offer any proof.  As I have already told you, he has no burden of proof; he is presumed to be  innocent of the charges.  The sole burden of proof is upon the government, and to sustain its charges it must do so beyond a reasonable doubt.  If a defendant decides not to make an  opening statement or offer proof, in no respect may this be considered against a defendant.

Upon the conclusion of all the testimony the lawyers will again address you.  This is called a summation and each will urge upon you the arguments that  he believes supports whatever position he advocates.  You will, of course, listen attentively to the lawyers.

The determination as to whether or not you accept any argument advanced before you by the prosecution or the defense is entirely up to you.  You make the fact determination.  You may accept such arguments as appeal to you; if not, you reject them.

Following the lawyers' summation, the court will instruct you as to the law  and it is then that you go into the jury room and undertake your fact-finding  function.  The ultimate decision in finding the facts, deciding the facts, is yours.  This must be based upon the evidence presented before you.

## DEFENDANT'S INSTRUCTION NO. 1.2
### What is Not Evidence.

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

1.      Statements and arguments of the attorneys;

2.      Questions and objections of the attorneys;

3.      Testimony that I instruct you to disregard; and

4.      Anything you may see or hear when the court is not in session even  if what you see or hear is done or said by one of the parties or by one  of the witnesses.

**DEFENDANT'S INSTRUCTION NO. 1.3**
**Evidence for a Limited Purpose**

Some evidence is admitted for a limited purpose only.  When I instruct you  that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**DEFENDANT'S INSTRUCTION NO. 1.4**
**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.

Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.  You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to  both, but it is for you to decide how much weight to give to any evidence.

**DEFENDANT'S INSTRUCTION NO. 1.6**
**Ruling on Objections**

There are rules of evidence which control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a  lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered,  and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have  been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence which I told you to disregard.

**CLOSING INSTRUCTIONS**

**DEFENDANT'S INSTRUCTION NO. 2**
**Juror Attentiveness**[2]

Ladies and gentlemen, you are about to enter your final duty, which is to decide the fact issues in the case.

Before you do that, I will instruct you on the law. You must pay close attention to me now. I will go as slowly as I can and be as clear as possible.

I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and observe each witness who testified. It has been obvious to me and to counsel that you have faithfully discharged this duty. Your interest never flagged, and it is evident that you followed the testimony with close attention. I ask you to give me that same careful attention, as I instruct you on the law.

---

[2] Sand, Instruction No. 2-1.

**DEFENDANT'S INSTRUCTION NO. 3**
**Role of the Court**[3]

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.  My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the  facts as you determine them, just as it has been my duty to preside over the trial  and decide what testimony and evidence is relevant under the law for your consideration.  On these legal matters, you must take the law as I give it to you. If  any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  You should not single out any instruction as alone stating the law, but you should consider my instructions as  a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be— or ought to be—it would violate your sworn duty to base a verdict upon any other  view of the law than that which I give you.

---

[3]  Sand, Instruction No. 2-2

## DEFENDANT'S INSTRUCTION NO. 4
### Role of the Jury[4]

Your final role is to pass upon and decide the fact issues that are in the case.  You, the members of the jury, are the sole and exclusive judges of the facts.   You pass upon the weight of the evidence; you determine the credibility of the  witnesses; you resolve such conflicts as there may be in the testimony, and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

I shall later discuss with you how to pass upon the credibility—or  believability—of the witnesses.

In determining the facts, you must rely upon your own recollection of the evidence.  What the lawyers have said in their opening statements, in their closing  arguments, in their objections, or in their questions is not evidence.  In this connection, you should bear in mind that a question put to a witness is never evidence.  It is only the answer which is evidence.  Nor is anything I may have said during the trial or may say during these instructions with respect to a fact  matter to be taken in substitution for your own independent recollection.  What I say is not evidence.

The evidence before you consists of the answers given by witnesses—the  testimony they gave, as you recall it—and the exhibits that were received in evidence.

The evidence does not include questions.  Only the answers are evidence.  But you may not consider any answer that I directed you to disregard or that I directed struck from the record.  Do not consider such answers.

You may also consider the stipulations of the parties as evidence.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your  decision should be as to whether or not the guilt of the defendant has been proven beyond a reasonable doubt.

The fact that the Court has asked one or more questions of a witness for clarification or admissibility of evidence purposes is not to be taken by you in any way as indicating that the Court has any opinion as to the guilt or lack thereof of a defendant in this case, and you are to draw no such inference therefrom.  That  determination is up to you, and you alone, based on all of the facts in this case and  the applicable law in these instructions.

As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to perform

---

[4]  Sand, Instruction No. 2-3, modified as approved in **United States v. Mickens**, 926 F.2d 1323 (2d Cir. 1991).

the duty of finding the facts without bias or prejudice as to any  party.

**DEFENDANT'S INSTRUCTION NO. 5**
**Juror Obligations**[5]

      In determining the facts, the jury is reminded that before each member was accepted and sworn to act as a juror, he or she was asked questions concerning competency, qualifications, fairness and freedom from prejudice and bias.  On the faith of those answers, the juror was accepted by the parties.  Therefore, those answers are as binding on each of the jurors now as they were then, and should remain so, until the jury is discharged from consideration of this case.

---

[5]   Sand, Instruction No. 2-4.

**DEFENDANT'S INSTRUCTION NO. 6**
**The Government as a Party**[6]

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant, who are charged with serious crimes.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice. The question before you can never be: will the government win or lose the case. The government always wins when justice is done, regardless of whether the verdict is guilty or not guilty.

---

[6] Sand, Instruction No. 2-5.

**DEFENDANT'S INSTRUCTION NO. 7**
**Conduct of Counsel[7]**

It is the duty of the attorney for each side of a case to object when the other  side offers testimony or other evidence which the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the court to make rulings  of law and to request conferences at the side bar out of the hearing of the jury.  All  those questions of law must be decided by me, the court.  You should not show  any prejudice against an attorney or his client because the attorney objected to the  admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence.  You are the sole  judges of the credibility of all witnesses and the weight and effect of all evidence.

---

[7] Sand, Instruction No. 2-8.

## DEFENDANT'S INSTRUCTION NO. 8
### Direct and Circumstantial Evidence[8]

There are two types of evidence which you may properly use in deciding whether a defendant is guilty or not guilty.

One type of evidence is called direct evidence. Direct evidence is where a witness testifies to what he saw, heard or observed. In other words, when a witness testifies about what is known to him of his own knowledge by virtue of his own senses—what he sees, feels, touches or hears—that is called direct evidence.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Somebody else then walked in with a raincoat which also was dripping wet.

Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt from all of the evidence in the case.

---

[8] Sand, Instruction No. 5-2

**DEFENDANT'S INSTRUCTION NO. 9**
**Questions[9]**

Let me emphasize that a lawyer's question is not evidence.  At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true and asked the witness if the statement was true.  If the witness denies the truth of a statement, and if there is no evidence in  the record proving that the assumed fact is true, then you may not consider the fact to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness:  "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there is some other evidence in the record that he had  beaten his wife.

In short, questions are not evidence; answers are.

---

[9]  Sand, Instruction No. 5-3

## DEFENDANT'S INSTRUCTION NO. 10
### Indictment is not Evidence[10]

With these preliminary instructions in mind, let us turn to the charges against the defendant, as contained in the indictment.  I remind you that an indictment itself is not evidence. It merely describes the charges made against the  defendant.  It is an accusation.  It may not be considered by you as any evidence of  the guilt of the defendant.  In reaching your determination of whether the  government has proved the defendant guilty beyond a reasonable doubt, you may consider only the evidence introduced or lack of evidence.

---

[10]  Sand, Instruction No. 3-1.

**DEFENDANT'S INSTRUCTION NO. 11**
**The Charges**[11]

Count 1 charges the defendant with conspiracy to commit mail fraud and wire fraud. Count 2 charges the defendant with wire fraud and Counts 3 and 4 charge the defendant with mail fraud. The defendant has denied that he is guilty of these charges.

I will explain each of these charges, and their elements, in further detail below. In addition, each of the charges requires the government to prove, beyond a reasonable doubt, that the defendant acted willfully, knowingly, and intentionally. Because I will be using those terms repeatedly, I will define them for you now.

---

[11] Sand, Instruction No. 3-2.

**DEFENDANT'S INSTRUCTION NO. 12**
**Knowledge, Willfulness, Intent**[12]

Knowledge, willfulness and intent involve the state of a person's mind.  It  has often been said to juries that the state of one's mind is a fact as much as the  state of his digestion. Accordingly, this is a fact you are called upon to decide.

Medical science has not yet devised an instrument which can record what was in one's mind in the distant past.  Rarely is direct proof available to establish the state of one's mind. This may be inferred from what he says or does: his  words, his actions, and his conduct, as of the time of the occurrence of certain  events.

The intent with which an act is done is often more clearly and conclusively shown by the act itself, or by a series of acts, than by words or explanations of the act uttered long after its occurrence.  Accordingly, intent, willfulness and  knowledge are usually established by surrounding facts and circumstances as of the time the acts in question occurred, or the events took place, and the reasonable  inferences to be drawn from them.

---

[12]  Sand, Instruction No. 6-17.

## DEFENDANT'S INSTRUCTION NO. 13
### Knowingly[13]

   In order to sustain its burden of proof, the government must prove that the defendant acted knowingly.  A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness.   Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

---

[13]  Sand, Instruction No. 3A-3.

## DEFENDANT'S INSTRUCTION NO. 14
### Willfully[14]

       In order to sustain its burden of proof the government must prove that the defendant acted willfully. "Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to  say with the bad purpose to disobey or to disregard the law.  The defendant's  conduct was not "willful" if it was due to negligence, inadvertence, or mistake.

---

[14]  Sand, Instruction No. 3A-3.

## DEFENDANT'S INSTRUCTION NO. 15
### Intentionally[15]

   The government must prove beyond a reasonable doubt that the defendant acted intentionally when he acted as charged in the indictment.  Before you can find that the defendant acted intentionally, you must be satisfied beyond a  reasonable doubt that the defendant acted deliberately and purposefully.  That is,  defendant's acts must have been the product of defendant's conscious objective rather than the product of a mistake or accident.

---

[15]  Sand Instruction No. 3A-4.

### DEFENDANT'S INSTRUCTION NO. 16
### Presumption of Innocence and Burden of Proof[16]

Although the defendant has been indicted, you must remember that an indictment is only an accusation. It is not evidence. The defendant has pled not guilty to that indictment.

As a result of the defendant's plea of not guilty the burden is on the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The law presumes the defendant to be innocent of all the charges against him. I therefore instruct you that the defendant is to be presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied that the government has proven him guilty beyond a reasonable doubt.

The defendant begins the trial here with a clean slate. This presumption of innocence alone is sufficient to acquit a defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after a careful and impartial consideration of all of the evidence in this case. If the government fails to sustain its burden, you must find the defendant not guilty. This presumption was with the defendant when the trial began and remains with him even now as I speak to you and will continue with the defendant into your deliberations unless and until you are convinced that the government has proven his guilt beyond a reasonable doubt.

---

[16] Sand, Instruction No. 4-1.

## DEFENDANT'S INSTRUCTION NO. 17
### Reasonable Doubt[17]

I have said that the government must prove the defendant guilty beyond a reasonable doubt. The question naturally is what is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt which would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs. A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion. It is not an excuse to avoid the performance of an un-pleasant duty. And it is not sympathy.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendant, which means that it is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

If, after fair and impartial consideration of all of the evidence you have a reasonable doubt, it is your duty to acquit the defendant. On the other hand, if after fair and impartial consideration of all the evidence you are satisfied of the defendant's guilt beyond a reasonable doubt, you should vote to convict.

---

[17] Sand, Instruction No. 4-2 (modified).

## DEFENDANT'S INSTRUCTION NO. 18
### Good Faith[18]

Because the government must prove beyond a reasonable doubt that the defendant acted knowingly, willfully, and with a specific intent to defraud, the good faith of the defendant is a complete defense to the charges in this case.

A defendant who acted in good faith cannot be found to have acted knowingly, willfully, and with a specific intent to defraud. Good faith on the part of the defendant is simply inconsistent with this unlawful intent. While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to act in accordance with the law.

If the defendant believed in good faith that he was acting properly, even if he was mistaken in that belief, and even if others were injured by his conduct, there would be no crime.

A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.[19]

An honest mistake of judgment or negligence is not unlawful intent, and a defendant who acts on such basis can still be acting in good faith. A person who believes in good faith that his actions comply with the law cannot be found guilty of mail or wire fraud or of a conspiracy to commit those crimes. This is true even if his belief that he is complying with the law is irrational or unreasonable. Similarly, a person who lacks knowledge regarding the law, or who misunderstands the law, and who believes, as a result of his lack of knowledge or his misunderstanding, that he is complying with the law, does not act willfully. Therefore, if the defendant believed that he was acting in accordance with the law, he cannot be found to have acted with criminal intent and you must find him not guilty.

You are instructed that a director or officer of a company shall not be guilty of the charges against him if, in the discharge of his duties, he exercised ordinary care and acted in good faith and honestly exercised his best business judgment. A director or officer of a company shall not be found guilty of a crime for honest mistake of judgment if he acted with due care, in good faith, and in furtherance of a rational business purpose.[20]

---

[18]  Adapted from Sand, Instruction No. 8-1 9 (modified); Kevin O'Malley, Jay E. Grenig, Hon. William C. Lee, *1A Fed. Jury Prac. & Instr. §19.06* (5th ed. 2007); **United States v. Behr**, 33 F.3d 1033, 1035 n.7 (8th Cir. 1994).

[19]  O'Malley § 19.06.

[20]  **F.D.I.C. v. Wheat**, 970 F.2d 124 (5th Cir. 1992) (approving instruction).

The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that the defendant acted knowingly, willfully, and with the specific intent to defraud. If the evidence in the case leaves you with a reasonable doubt as to whether the defendant acted in good faith, you must find the defendant not guilty.[21]

---

[21]  O'Malley § 19.06.

**DEFENDANT'S INSTRUCTION NO. 19**
**Reliance on Professionals**[22]

You have heard evidence that the defendant consulted certain professionals, here, two lawyers, and received advice from those professionals, and you may consider that evidence in deciding whether the defendant acted willfully and with knowledge. The mere fact that the defendant may have received professional advice does not, in itself, necessarily constitute a complete defense. Instead, you must ask yourselves whether the defendant honestly and in good faith sought professional advice as to what he may lawfully do; whether he fully and honestly laid all the facts before his lawyer or his auditor; and whether in good faith he honestly followed such advice, relying upon it and believing it to be correct. In short you should consider whether, in seeking and obtaining professional advice, the defendant intended that his acts shall be lawful. If he did so, it is the law that a defendant cannot be convicted of a crime which involves willful and unlawful intent, even if such advice were an inaccurate construction of the law. On the other hand, no man can willfully and knowingly violate the law and excuse himself from the consequences of his conduct by pleading that he followed the professional advice.

Whether the defendant acted in good faith for the purpose of seeking guidance as to the specific acts in this case, and whether he made a full and complete report to his lawyers, and whether he acted substantially in accordance with the advice received, are questions for you to determine.

If you find that the defendant's actions were based on reliance in good faith upon the advice of his attorneys, then you must find the defendant not guilty as charged in the indictment.

---

[22]  Adapted from Sand, Instruction No. 8-4; **Thompson v. United States**, 223 F.3d 1206, 1210 (10th Cir. 2000); **United States v. Austin**, 774 F.2d 99 (5th Cir. 1985).

## DEFENDANT'S INSTRUCTION NO. 20
### Consider Only the Charges[23]

The defendant is not charged with committing any crime other than the offenses contained in the indictment.  You have heard evidence of other acts allegedly committed by the defendant. When that evidence was introduced, I  instructed you that it was to be considered by you solely for a limited purpose.  I  will explain that limited purpose again in a moment.  But I want to emphasize to you now that you are not to consider that evidence for any other purpose and you are only to return a verdict as to the charges contained in the indictment.

---

[23]  Sand, Instruction No. 3-3.

## DEFENDANT'S INSTRUCTION NO. 21
### Multiple Counts, One Defendant[24]

The indictment contains a total of four counts.  Each count charges the  defendant with a different crime.  You must consider each count separately and return a separate verdict of guilty or not guilty for each.  Whether you find the  defendant guilty or not guilty as to one offense should not affect your verdict as to  any other offense charged.   The number of charges is no evidence of guilt, and this should not influence your decision in any way.

---

[24] Sand, Instruction No. 3-6.

## DEFENDANT'S INSTRUCTION NO. 22
### Mail Fraud[25]

Counts 3 and 4 charge that the defendant devised a scheme to defraud by means of false representations and in furtherance of that scheme knowingly caused the mails to be used. The relevant statute on this subject is section 1341 of Title 18 of the United States Code. It provides:

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises ... for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier ... or knowingly causes to be delivered by mail or such carrier according to the direction thereon ... any such matter or thing,

shall be guilty of mail fraud.

In order to sustain this charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, that there was a scheme or artifice to defraud by materially false and fraudulent pretenses, representations or promises, as alleged in the indictment, and that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud;

**Second**, that the object of the scheme was to obtain money or property; and

**Third**, that in execution of that scheme, the defendant used or caused the use of the mails as specified in the indictment.

The first two of these elements are the same for both mail fraud and wire fraud.

---

[25] Adapted from Sand Instruction No. 44-3, modified as approved in **Fountain v. United States**, 357 F.3d 250 (2d Cir. 2004); **United States v. Eisen**, 974 F.2d 246, 252 (2d Cir. 1992).

## DEFENDANT'S INSTRUCTION NO. 23
### First Element—Existence of a Scheme or Artifice to Defraud[26]

The first element that the government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud of money or property by means of false or fraudulent pretenses, representations or promises, and that the defendant knowingly and willfully participated in the scheme or artifice to  defraud, with knowledge of its fraudulent nature and with specific intent to  defraud.

The first part of this first element is almost self-explanatory.

A "scheme or artifice" is merely a plan for the accomplishment of an object.

A scheme to defraud is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence.

"Fraud" is a general term which embraces all the various means by which  human ingenuity can devise and which are resorted to by an individual to gain an  advantage over another by false representations, suggestions or suppression of the  truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" is merely a plan to deprive another of money  or property (or of the intangible right to honest services) by trick, deceit, deception  or swindle.

The scheme to defraud is alleged to have been carried out by making false or fraudulent representations.

A representation is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.

A representation or statement is fraudulent if it was falsely made with the intention to deceive.

Deceitful statements of half truths or the concealment of material facts, and the expression of an opinion not honestly entertained may also constitute false or  fraudulent statements under the statute.

The deception need not be premised upon spoken or written words alone.   The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance.   If there is deception, the manner in  which it is accomplished is

---

[26]  Adapted from Sand Instruction Nos. 44-4 and 44-5, structurally modified as approved in **United States v. DiNome**, 86 F.3d 277 (2d Cir. 1996); **United States v. Starr**, 816 F.2d 94 (2d Cir. 1987).

immaterial.

The failure to disclose information may also constitute a fraudulent representation if the defendant was under a legal, professional or contractual duty to make such a disclosure, the defendant actually knew such disclosure ought to be made, and the defendant failed to make such disclosure with the intent to defraud.

A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.

When a corporation or other business entity makes a written or oral forecast or projection regarding its future financial or business performance, that statement cannot be fraudulent if certain circumstances are met.

The forecast or projection must have been a "forward-looking statement." A forward-looking statement is defined as a projection of future earnings, losses or other financial benefits; a statement of the future performance of the company.

If you find that the statement meets this definition of a forward-looking statement, then you must determine whether the statement was accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the statement. If you find that the statement did include such meaningful cautionary language, then it cannot be fraudulent even if it turns out that the projections or forecasts were not correct, and your inquiry should end as to that statement.

If you find that the forward looking statement did not include meaningful cautionary language, then you should consider whether the statement was made with actual knowledge by the person making the statement or the corporate officer who authorized it that the statement was false or misleading. If you find that the statement was not made with actual knowledge that it was false or misleading, then it cannot be fraudulent even if it turns out that the projections or forecasts were not correct, and your inquiry should end as to that statement. If you find that the statement was made with actual knowledge that it was false or misleading, then you may find that it was fraudulent, and you should go on to consider the rest of this element and the remaining elements of the claim.

A corporation has no obligation to update forward-looking statements once they are made.[27]

Within the context of the facts of this case, it is important to note that a breach of contract or failure to perform a promise does not, by itself, amount to fraud. Failure to comply with a contractual obligation or to perform on a promise is only fraudulent when the promisor never intended to honor the promise in the first place. Therefore, unless the government proves beyond

---

[27] L. Sand, et al., Model Federal Jury Instructions – Civil (2007) ("Sand"), Instruction No. 82-3.

a reasonable doubt that the defendant never actually intended to honor a promise or contract at issue, then the alleged breach of such promise or contract is insufficient to support a charge of mail fraud.[28]

---

[28]  Adapted from Sand, Instruction No. 57-21, and from the charge in **United States v. Schlisser**, 03 Cr. 611 (RMB) (S.D.N.Y. 2004).

**DEFENDANT'S INSTRUCTION NO. 24**
**Materiality**[29]

The government must also prove beyond a reasonable doubt that the false or fraudulent representation or failure to disclose related to a material fact or matter.

Materiality is not determined by what a professional mortgage specialist or analyst would like to know. A material fact is one which would reasonably be expected to be important to a reasonable and prudent person in taking action of relevance to the issues in the case. Within the particular context of the hiring of the defendant's company to attempt to modify mortgage loans, a fact is material if there is a substantial likelihood that a reasonable homeowner would consider the fact important in deciding whether to enter into a contract with the defendant's company.

This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable homeowner might have considered important in making his or her decision. The same principle applies to fraudulent half truths or omissions of material facts.

---

[29] Adapted from Sand Instruction Nos. 44-4; modifications discussed in **United States v. Victor Teicher & Co., L.P.**, 1990 WL 29697, *1 & n.3 (S.D.N.Y. Mar. 9, 1990) (instruction given in **United States v. Marcus Schloss & Co., Inc.**).

## DEFENDANT'S INSTRUCTION NO. 25
## First Element—Participation in Scheme with Intent[30]

In addition, the government must also prove beyond a reasonable doubt that the defendant participated in the scheme to defraud knowingly and willfully, as I have already defined those terms, and with specific intent to defraud.

"Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question.   This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available.   It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent.  Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward  manifestations, his words, his conduct, his acts and all the surrounding  circumstances disclosed by the evidence and the rational or logical inferences that  may be drawn from them.

Circumstantial evidence, if believed, is of no less value than direct evidence.  In either case, the essential elements of the crime must be established  beyond a reasonable doubt.

Since an essential element of the crime charged is intent to defraud, it  follows that good faith on the part of the defendant is a complete defense to a charge of mail fraud.  A defendant, however, has no burden to establish a defense  of good faith. The burden is on the government to prove fraudulent intent and the  consequent lack of good faith beyond a reasonable doubt.

Under the mail fraud statute, even false representations or statements, or  omissions of material facts, do not amount to a fraud unless done with fraudulent intent.  However misleading or deceptive a plan may be, it is not fraudulent if it  was devised or carried out in good faith.  An honest belief in the truth of the  representations made by a defendant is a good defense, however inaccurate the statements may turn out to be.  Mail fraud cannot be charged against a corporate agent who in good faith believes that his or her (otherwise legal) misleading or  inaccurate conduct is in the corporation's best interests.

As a practical matter, then, in order to sustain the charges against the defendant, the government must establish beyond a reasonable doubt that he knew that his conduct as a

---

[30]  Adapted from Sand Instruction Nos. 44-4 and 44-5, structurally modified
as approved in **United States v. DiNome**, 86 F.3d 277 (2d Cir. 1996); **United States v. Starr**,
816 F.2d 94 (2d Cir. 1987).

participant in the scheme was calculated to deceive and, nonetheless, he associated himself with the alleged fraudulent scheme for the purpose of causing some loss to another.

  To conclude on this element, if you find that the defendant was not a knowing participant in the scheme or that he lacked the specific intent to defraud, you should acquit him. On the other hand, if you find that the government has established beyond a reasonable doubt not only the existence of the scheme to defraud, but also that the defendant was a knowing participant and acted with specific intent to defraud, and if the government also establishes the second and third elements, as to which I am about to instruct you, then you have a sufficient basis upon which to convict the defendant.

  If you find that the government has sustained its burden of proof that a scheme to defraud, as charged, did exist, and that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud, you next should consider the second element.

**DEFENDANT'S INSTRUCTION NO. 26**
**Second Element— Money or Property as the Object of the Scheme**[32]

The second element that the government must prove beyond a reasonable  doubt is that the alleged scheme contemplated depriving another of money or  property.

However, the government is not required to prove that the defendant himself originated the scheme to defraud.  Furthermore, it is not necessary that the  government prove that the defendant actually realized any gain from the scheme or that the intended victim actually suffered any loss.

---

[32]  Adapted from Sand Instruction No. 44-4, modified as approved in **United States v. DiNome**, 86 F.3d 277 (2d Cir. 1996); **United States v. Starr**, 816 F.2d 94 (2d Cir. 1987).

## DEFENDANT'S INSTRUCTION NO. 27
### Third Element—Use of the Mails[33]

The third and final element that the government must establish beyond a reasonable doubt is the use of the mails in furtherance of the scheme to defraud. The use of the mails as I have used it here includes material sent through either the United States Postal Service or a private or commercial interstate carrier.

The mailed matter need not contain a fraudulent representation or purpose or request for money. It must, however, further or assist in the carrying out of the scheme to defraud.

It is not necessary for the defendant to be directly or personally involved in the mailing, as long as the mailing was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.

In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the mailing by others. This does not mean that the defendant must specifically have authorized others to do the mailing. When one does an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use of the mails can reasonably be foreseen, even though not actually intended, then he causes the mails to be used.

With respect to the use of the mails, the government must establish beyond a reasonable doubt the particular mailing charged in the indictment. However, the government does not have to prove that the mailings were made on the exact date charged in the indictment. It is sufficient if the evidence establishes beyond a reasonable doubt that the mailing was made on a date substantially similar to the date charged in the indictment.

---

[33] Sand, Instruction No. 44-6.

## DEFENDANT'S INSTRUCTION NO. 28
### Mail Fraud—Venue[34]

In addition to the foregoing elements of the offense, you must consider  whether any act in furtherance of the alleged mail fraud occurred within the Southern District of New York.  You are instructed that the Southern District of New  York encompasses the counties of New York, Bronx, Westchester, Rockland, Putnam, Orange, Dutchess, and Sullivan.  In this regard, the government need not prove that the crime itself was  committed in this district or that the defendant himself was present here.  It is  sufficient to satisfy this element if any act in furtherance of the crime occurred  within this district.  For the purposes of mail fraud, an act in furtherance occurred  in the Southern District of New York if the defendant (1) placed (or caused to be  placed) in an authorized depository in the Southern District mail to further or assist  in the carrying out of the scheme to defraud, (2) took or received mail in the Southern District to further or assist in the carrying out of the scheme to defraud, or  (3) knowingly caused mail to be delivered in the Southern District to further or  assist in the carrying out of the scheme to defraud.  The mailing must further the  scheme and not simply be related to the scheme.   If the mailing that occurred in  the Southern District of New York was necessary in a "but-for" sense to the ultimate success of the defendant's scheme, but the defendant neither foresaw nor  planned for the events to take place there, or if the mailing that occurred in the Southern District of New York was a purely ministerial act that did not involve any  decision-making, it cannot provide the basis for venue in this district.  If you find  that the government has failed to prove that any act in furtherance of the crime  occurred within this district—or if you have a reasonable doubt on this issue— then you must acquit.

---

[34]  Sand, Instruction No. 3-11, modified as stated in **United States v. Maze**, 414 U.S. 395, 399, 404 (1974); **United States v. Brennan**, 183 F.3d 139, 145 (2d Cir. 1999);**United States v. Bezmalinovic**, 962 F. Supp. 435, 437-38 (S.D.N.Y. 1997)

**DEFENDANT'S INSTRUCTION NO. 29**
**Wire Fraud**

Count 2 charges that the defendant devised a scheme to defraud by means of false representations and in furtherance of that scheme knowingly caused interstate wire communications facilities to be used.  The relevant statute on this subject is section 1343 of Title 18 of the United States Code.  It provides:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be

guilty of wire fraud.

In order to sustain this charge, the government must prove each of the following  elements beyond a reasonable doubt:

> **First**, that there was a scheme or artifice to defraud by materially false and fraudulent pretenses, representations or promises, as alleged in the indictment, and that the defendant knowingly and willfully participated in  the scheme or artifice to defraud, with knowledge of its fraudulent nature  and with specific intent to defraud;

> **Second**, that the object of the scheme was to obtain money or property; and

> **Third,** that the defendant used interstate wire communications facilities or caused another person to use interstate wire communications facilities for the purpose of carrying out the scheme

The first element that the government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud of money or property by means of false or fraudulent pretenses, representations or promises, and that the defendant knowingly and willfully participated in the scheme or artifice to  defraud, with knowledge of its fraudulent nature and with specific intent to  defraud. I have already defined these terms for you as they pertain to the mail fraud counts, and will not do so again here.

The government must also prove beyond a reasonable doubt that any false or fraudulent representation or failure to disclose related to a material fact or  matter, as I have previously explained regarding mail fraud.

Additionally, as to this first element, the government must also prove beyond a reasonable doubt that the defendant participated in the scheme to defraud knowingly and willfully, as I  have

already defined those terms, and with specific intent to defraud.

If you find that the government has sustained its burden of proof that a scheme to defraud, as charged, did exist, and that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud, you next should consider the second element.

The second element that the government must prove beyond a reasonable doubt is that the alleged scheme contemplated depriving another of money or property.  These terms have the same meaning for the offense of wire fraud as they do for mail fraud, and I will not repeat them again here.

## DEFENDANT'S INSTRUCTION NO. 30
### Third Element—Use of Interstate Wire Communication Facilities[35]

The government must prove beyond a reasonable doubt that the defendant, with intent to defraud, knowingly and willfully devised, intended to devise, or participated in, a scheme to defraud substantially the same as the one alleged in the indictment; and that the use of the interstate wire communications facilities was closely related to the scheme because the defendant either used, or caused to be used, wire communications facilities in interstate commerce in an attempt to execute or carry out the scheme.

To "cause" interstate wire communications facilities to be used is to do an act with knowledge that the use of such facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

---

[35]  Sand, Instruction No. 44-6.

## DEFENDANT'S INSTRUCTION NO. 31
### Aiding and Abetting[36]

In connection with Counts Two, Three and Four, the government must prove that the defendant either personally committed the forbidden conduct described in each count or that he "aided and abetted" another in doing so.

The aiding and abetting statute, section 2(a) of Title 18 of the United States Code provides that:

> Whoever commits an offense against the United States or aids or abets or counsels, commands or induces, or procures its commission, is punishable as a principal.

Under the aiding and abetting statute, it is not necessary for the government to show that the defendant himself physically committed the crime with which he is charged in order for the government to sustain its burden of proof. A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.

Accordingly, you may find the defendant guilty of the offense charged if you find beyond a reasonable doubt that the government has proven that another person actually committed the offense with which the defendant is charged, and that the defendant aided or abetted that person in the commission of the offense.

As you can see, the first requirement is that you find that another person has committed the crime charged. Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of that crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant knowingly and willfully associate himself in some way with the crime, and that he participate in the crime by doing some act to help make the crime succeed.

To establish that defendant knowingly and willfully associated himself with the crime, the government must establish that the defendant willfully and knowingly intended to commit mail fraud or wire fraud.

To establish that the defendant participated in the commission of the crime, the government must prove that defendant willfully and knowingly engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime.

---

[36] Sand, Instruction No. 11-1.

Participation in a crime is willful if done voluntarily and intentionally, and with the specific intent to do something which the law forbids or with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting. One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor. An aider and abettor must know that the crime is being committed and act in a way which is intended to bring about the success of the criminal venture.

To determine whether a defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

Did he participate in the crime charged as something he wished to bring about?

Did he knowingly associate himself with the criminal venture?

Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense. If, on the other hand, your answer to any one of these questions is "no," then the defendant is not an aider and abettor, and you must find him not guilty.

**DEFENDANT'S INSTRUCTION NO. 32**
**Conspiracy to Commit Mail and Wire Fraud**[37]

Count 1 charges the defendant with conspiracy to commit mail, and wire fraud, in violation of Title 18, United States Code, Section 1349.  That  statute provides that:

> Any person who … conspires to commit [securities fraud, mail fraud, or  wire fraud] shall be subject to the same penalties as those prescribed for the  offense, the commission of which was the object of the attempt or  conspiracy.

In order to satisfy its burden of proof, the government must prove beyond a reasonable doubt each of the following essential elements of the crime of conspiracy:

**First**, that two or more persons entered the unlawful agreement charged in the indictment starting on or about [insert date];

**Second**, that the defendant knowingly and willfully became a member of  the conspiracy;

**Third**, that one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the indictment; and

**Fourth**, that the overt act which you find to have been committed was committed to further some objective of the conspiracy.

If the government fails to prove any one of these elements beyond a reasonable doubt, the defendant must be acquitted

---

[37] Adapted from Sand, Instruction No. 19-1 and 19-3.

## DEFENDANT'S INSTRUCTION NO. 33
## First Element—Existence and Objects of the Conspiracy[38]

The first element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered the unlawful agreement charged in the indictment.

In order for the government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof. However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.

In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words. In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.

---

[38] Sand, Instruction No. 19-4.

## DEFENDANT'S INSTRUCTION NO. 34
### First Element—Alleged Unlawful Objectives, Need for Unanimity[39]

Count 1 charges that the alleged co-conspirators entered into an agreement to knowingly and willfully accomplish certain unlawful objectives, namely to commit  mail fraud and wire fraud.

The government need not prove that the alleged co-conspirators entered into an agreement to knowingly and willfully accomplish all of the unlawful objectives alleged. However, the government must prove beyond a reasonable doubt that the alleged co-conspirators entered into an agreement to knowingly and willfully accomplish at least one of the unlawful objectives charged in Count 1. All of you must unanimously find that the same unlawful objective was agreed upon by the alleged co-conspirators. It is not enough to convict if some of you find that the government only has proven an agreement to knowingly and willfully accomplish one unlawful objective while others of you find that the government only has proven an agreement to accomplish a different unlawful objective. If you do not all unanimously agree that the government has proven beyond a reasonable doubt at least one of the alleged agreements to knowingly and willfully accomplish the same unlawful objective(s), you cannot convict the defendant on Count 1.

---

[39] Approved in **United States v. Vought et al.,** No. 05-CR-268 (JBA), Docket No. 112 (D. Conn. July 20, 2006.)

## DEFENDANT'S INSTRUCTION NO. 35
### Second Element—Membership in the Conspiracy[40]

The second element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendant knowingly, willfully and voluntarily became a member of the conspiracy.

If you are satisfied that the conspiracy charged in the indictment existed, you must next ask yourselves who the members of that conspiracy were. In deciding whether the defendant whom you are considering was, in fact, a member of the conspiracy, you should consider whether the defendant knowingly and willfully joined the conspiracy. Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective as an associate or worker?

In that regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome. You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant had such an interest, that is a factor which you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the indictment.

As I mentioned a moment ago, before the defendant can be found to have been a conspirator, you must first find that he knowingly joined in the unlawful agreement or plan. The key question, therefore, is whether the defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences which may be drawn from them.

The defendant's knowledge is a matter of inference from the facts proved. In that connection, I instruct you that to become a member of the conspiracy, the defendant need not have known the identities of each and every other member, nor need he have been apprised of all of their activities. Moreover, the defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part. Furthermore, the defendant need not have joined in all of the conspiracy's unlawful objectives.

The extent of a defendant's participation has no bearing on the issue of a defendant's guilt. A conspirator's liability is not measured by the extent or duration of his participation. Indeed, each member may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

---

[40]  Adapted from Sand, Instruction 19-6.

I want to caution you, however, that the defendant's mere proximity to the alleged crime does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make the defendant a member. The fact that the defendant may know members of a conspiracy; be associated in business or socially with them, does not, without more, make the defendant a member. Obviously, the defendant may share many legitimate and lawful common aims and interests with others. Mere business association or friendship of the defendant with others who may be guilty of crimes does not establish the defendant's participation in a conspiracy. Guilt by association is a concept repugnant to our society.

Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering the illegal undertaking. He thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

## DEFENDANT'S INSTRUCTION NO. 36
### Unlawfully, Knowingly, and Willfully Defined

As to this element, the terms "unlawfully" and "knowingly" and "willfully," which I previously defined, mean that you must be satisfied beyond a reasonable doubt that in joining a conspiracy, if the defendant you are considering did join a conspiracy, the defendant knew what he was doing and that he took the actions in question deliberately and voluntarily.

**DEFENDANT'S INSTRUCTION NO. 37**
**Objectives of Conspiracy**[41]

In order to determine whether a conspiracy existed, and whether the defendant became a member of the conspiracy, and whether he acted knowingly and willfully, it is not necessary for you to find that the defendant knew all the details of the conspiracy. You must find, however, that the defendant agreed to commit each and every element of a crime that was the object of the conspiracy.

---

[41]  **United States v. Pinckney**, 85 F.3d 4, 8 (2d Cir. 1996).

## DEFENDANT'S INSTRUCTION NO. 38
### Third Element—Commission of an Overt Act[42]

The third element which the government must prove beyond a reasonable doubt, to establish the offense of conspiracy, is that at least one of the overt acts charged in the indictment was knowingly committed in this district by at least one of the conspirators, at or about the time and place alleged.

In order for the government to satisfy this element, it is not required that all of the overt acts alleged in the indictment be proven.

Similarly, you need not find that the defendant in this case committed the overt act. It is sufficient for the government to show that one of the conspirators knowingly committed an overt act in furtherance of the conspiracy, since such an act becomes, in the eyes of the law, the act of all of the members of the conspiracy.

However, where as here the two schemes alleged in Count 1 of the indictment include multiple overt acts you would also have to unanimously agree on at least one scheme and also unanimously agree on one overt act. For instance to find a conspiracy to commit mail fraud as alleged in the indictment you would not only have to agree that there was a conspiracy and that the goal was to commit mail fraud, you also would have to be unanimous as to at least one specific mailing.

You are further instructed that the overt act need not have been committed at precisely the time alleged in the indictment. It is sufficient if you are convinced beyond a reasonable doubt, that it occurred at or about the time and place stated.

---

[42]  Adopted from Sand, Instruction No. 19-7.

## DEFENDANT'S INSTRUCTION NO. 39
### Commission of Overt Act in Furtherance of the Conspiracy[43]

The fourth, and final, element which the government must prove beyond a reasonable doubt is that the overt act was committed for the purpose of carrying out the unlawful agreement. In order for the government to satisfy this element, it must prove, beyond a reasonable doubt, that at least one overt act was knowingly and willfully done, by at least one conspirator, in furtherance of some object or purpose of the conspiracy, as charged in the indictment. In this regard, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act which, in and of itself is criminal or constitutes an objective of the conspiracy.

---

[43]  Sand, Instruction No. 19-8.

**DEFENDANT'S INSTRUCTION NO. 40**
**First Count—Venue[44]**

In addition to the foregoing elements of the offense, in order to establish the offense of conspiracy, the government must prove that the conspiracy charged in the indictment was knowingly committed in this district by at least one of the conspirators.

You must find that either the agreement was formed or that an act in furtherance of the conspiracy was committed by a co-conspirator in the Southern District of New York. In this regard, the government need not prove that the crime itself was committed in this district or that the defendant himself was present here. However, the government must prove acts in furtherance of the conspiracy were committed by a co-conspirator within this district.

If you find that the government has failed to prove that any act in furtherance of the crime was executed within this district—or if you have a reasonable doubt on this issue—then you must acquit.

---

[44] Adapted from Sand, Instruction Nos. 3-11 and 19-7.

## DEFENDANT'S INSTRUCTION NO. 41
### Variance[45]

Each of the jurors must find the defendant guilty of participation in the same single scheme to defraud and that the scheme to defraud in which the defendant is found to have participated is the same scheme as the overall fraudulent scheme alleged in the indictment. The defendant is not on trial for any act or conduct not alleged in the indictment.

---

[45]  Adapted from instructions approved in **United States v. Feldman**, 853 F.2d 648 (9th Cir. 1988); **United States v. Wellington**, 754 F.2d 1457 (9th Cir. 1985); **United States v. St. Gelais**, 952 F.2d 90, 94-95 (5th Cir. 1992); **United States v. Saudan**, 812 F.2d 920, 929 (5th Cir. 1986).

**DEFENDANT'S INSTRUCTION NO. 42**
**Number of Witnesses and Uncontradicted Testimony[46]**

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible. You also have to decide which witnesses to believe and which facts are true. To do this you must look at all the evidence, drawing upon your own common sense and personal experience. After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you do believe the fewer witnesses called by the other side.

In a moment, I will discuss the criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the government and the defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.

---

[46] Sand, Instruction 4-3.

**DEFENDANT'S INSTRUCTION NO. 43**
**Testimony, Exhibits, Stipulations, and Judicial Notice In General**[47]

The evidence in this case consists of the sworn testimony of the witnesses, the exhibits received in evidence, stipulations and judicially noticed facts.

Exhibits which have been marked for identification but not received may not be considered by you as evidence. Only those exhibits received may be considered as evidence.

Similarly, you are to disregard any testimony when I have ordered it to be stricken. As I indicated before, only the witness' answers are evidence and you are not to consider a question as evidence. Similarly, statements by counsel are not evidence.

You should consider the evidence in light of your own common sense and experience, and you may draw reasonable inferences from the evidence.

Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.

---

[47] Sand, Instruction 5-4.

**DEFENDANT'S INSTRUCTION NO. 44**
**Judicial Notice**[48]

I have taken judicial notice of certain facts which I believe are not subject to reasonable dispute. I have accepted these facts to be true, even though no evidence has been introduced proving them to be true. You may, but are not required to agree that these facts are true.

---

[48]Sand, Instruction No. 5-5.

## DEFENDANT'S INSTRUCTION NO. 45
### Similar Acts (if applicable)[49]

The government has offered evidence tending to show that on a different occasion the defendant engaged in conduct similar to the charges in the indictment.

In that connection, let me remind you that the defendant is not on trial for committing this act not alleged in the indictment. Accordingly, you may not consider this evidence of the similar act as a substitute for proof that the defendant committed the crime charged. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. The evidence of the other, similar act was admitted for a much more limited purpose and you may consider it only for that limited purpose.

If you determine that the defendant committed the acts charged in the indictment and the similar acts as well, then you may, but you need not draw an inference that in doing the acts charged in the indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident or other innocent reasons.

Evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because the defendant committed the other act he must also have committed the acts charged in the indictment.

---

[49] Sand, Instruction No. 5-25.

## DEFENDANT'S INSTRUCTION NO. 46
## Missing Witness Not Equally Available to Defendant (if applicable)[50]

You have heard evidence about a witness who has not been called to testify. The defense has argued that the witness could have given material testimony in this case and that the government was in the best position to produce this witness.

If you find that this uncalled witness could have been called by the government and would have given important new testimony, and that the government was in the best position to call him, but failed to do so, you are permitted, but you are not required, to infer that the testimony of the uncalled witness would have been unfavorable to the government.

In deciding whether to draw an inference that the uncalled witness would have testified unfavorably to the government, you may consider whether the witness' testimony would have merely repeated other testimony and evidence already before you.

---

[50] Sand, Instruction No. 6-5.

## DEFENDANT'S INSTRUCTION NO. 47
### Inference Defined (Presumptions)[56]

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact which you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw an-other. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw--but not required to draw--from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict.

---

[56]  Sand Instruction No. 6-1; **United States v. Pfingst**, 477 F.2d 177 (2d Cir. 1973); **United States v. Crespo**, 422 F.2d 718 (2d Cir.1970)

## DEFENDANT'S INSTRUCTION NO. 48
### Witness Credibility--General Instruction[57]

You have had an opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues under the counts of the indictment, in the face of the very different pictures painted by the government and the defense which cannot be reconciled. You will now have to decide where the truth lies, and an important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you to decide the truth and the importance of each witness' testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. Was the witness candid, frank and forthright? Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent in his testimony or did he contradict himself? Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the witness' bias. Does the witness have a relationship with the government or the defendant which may affect how he or she testified? Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth; or, does the witness have some bias, prejudice or hostility that may have caused the witness—consciously or not—to give you something other than a completely accurate account of the facts he testified to?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about and you should also consider the witness' ability to express himself or herself. Ask yourselves whether the witness' recollection of the facts stand up in light of all other evidence.

In other words, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the explanations given, and in light of all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection. In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.

---

[57]  Sand, Instruction No. 7-1.

## DEFENDANT'S INSTRUCTION NO. 49
### Bias and Hostility[58]

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger which some government witnesses may have towards the defendant.

Evidence that a witness is biased, prejudiced or hostile toward the defendant requires you to view that witness' testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

---

[58]Sand, Instruction No. 7-2; **United States v. Masino**, 275 F.2d 129 (2d Cir. 1960).

## DEFENDANT'S INSTRUCTION NO. 50
### Interest in Outcome[59]

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case.

Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.

---

[59] Sand, Instruction No. 7-3.

## DEFENDANT'S INSTRUCTION NO. 51
### Accomplices Called by the Government[60]

The testimony of someone who claims to be an accomplice must always be scrutinized by a jury with great care and great caution—more care and more caution than that of an ordinary witness who has not admitted to any crimes is not an accomplice. They may have feelings about the defendant that affects their testimony. And you should not convict a defendant on the unsupported testimony of an alleged accomplice unless you believe beyond a reasonable doubt that the accomplice is telling the truth.

Now, in this case, there was also evidence that some of the accomplices witnesses made plea agreements with the government under which they received additional considerable advantages. You should bear in mind that a witness who has entered into a plea agreement has an interest in this case different than any ordinary witness. A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely. You may consider these agreements and the witnesses' hopes as to future advantages, in judging their credibility as well.

With respect to these witnesses,, particularly keep in mind in judging their testimony and their credibility that the government has the power to confer or withhold future advantages, depending on the value of their cooperation.

---

[60]  Adapted from the instruction given in **United States v. Silvester**, 790 F.2d 186, 191 (1st Cir. 1986).

**DEFENDANT'S INSTRUCTION NO. 52**
**Informal Immunity of Government Witness (if applicable)[61]**

You have heard the testimony of a witness [name of witness] who has been promised that in exchange for testifying truthfully, completely, and fully, he will not be prosecuted for any crimes which he may have admitted either here in court or in interviews with the prosecutors. This promise was not a formal order of immunity by the court, but was arranged directly between the witness and the government.

The government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given. You are instructed that you may convict a defendant on the basis of such a witness' testimony alone, if you find that his testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been promised that he will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness' own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be received by you with suspicion and you may give it such weight, if any, as you believe it deserves.

---

[61] Sand, Instruction No. 7-9.

**DEFENDANT'S INSTRUCTION NO. 53**
**Government Witness—Not Proper To Consider Guilty Plea (if applicable)[62]**

You have heard testimony from government's witnesses who pled guilty to charges arising out of the same facts as this case. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that a prosecution witness pled guilty to similar charges. That witness' decision to plead guilty was a personal decision about his own guilt. It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.

---

[62]  Sand, Instruction No. 7-10; **United States v. Prawl**, 168 F.3d 622 (2d Cir.1999); **United States v. Gibbons**, 602 F.2d 1044 (2d Cir. 1979).

## DEFENDANT'S INSTRUCTION NO. 54
### Witness's Plea Agreement[63]

In this case, there has been testimony from government witnesses who pled guilty after entering into an agreement with the government to testify. There is evidence that the government agreed to dismiss some charges against the witness and agreed not to prosecute them on certain other charges in exchange for the witness' agreement to plead guilty and testify at this trial against the defendant. The government also promised to bring the witness' cooperation to the attention of the sentencing court.

The government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such a witness and convict the defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt.

However, you should bear in mind that a witness who has entered into such an agreement has an interest in this case different than any ordinary witness. A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely. Therefore, you must examine his testimony with caution and weigh it with great care. If, after scrutinizing his testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

The prosecution has offered into evidence the actual letter of agreement in which the government has promised not to prosecute the witness under certain conditions. That agreement has been received so that you can have before you the actual terms under which the witness was promised immunity. I want to caution you that the agreement itself is no evidence that the witness has, in fact, testified truthfully. It may only be considered by you in deciding whether the witness has an interest in the outcome of this case which would motivate him to testify falsely, or whether it is in his interest to testify truthfully, regardless of the outcome. In any event, you should accept his testimony with great care. How much of it you choose to believe, and the importance you wish to give to it, are your decisions alone.

---

[63] Adapted from Sand, Instruction No. 7-11; **United States v. Gleason**, 616 F.2d 2 (2d Cir. 1979)

## DEFENDANT'S INSTRUCTION NO. 55
### Law Enforcement Witness[64]

You have heard the testimony of a law enforcement official. The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

---

[64] Sand, Instruction No. 7-16.

### DEFENDANT'S INSTRUCTION NO. 56
### Impeachment by Prior Inconsistent Statement[65]

You have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness' trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the defendant's guilt. Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

---

[65]  Sand, Instruction No. 7-19.

## DEFENDANT'S INSTRUCTION NO. 57
### Expert Witness[66]

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

---

[66] Sand, Instruction No. 7-21; **United States v. Simon**, 425 F.2d 796 (2d Cir. 1969).

**DEFENDANT'S INSTRUCTION NO. 58**
**Duty To Consult And Need For Unanimity**[67]

The government, to prevail, must prove the essential elements beyond a reasonable doubt, as already explained in these instructions. If it succeeds as to a particular defendant, your verdict should be guilty as to that defendant; if it fails, it must be not guilty. To report a verdict, it must be unanimous.

Your function is to weigh the evidence in the case and determine whether or not each defendant is guilty, solely upon the basis of such evidence.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors. That is the very purpose of jury deliberation -- to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence -- if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration with your fellow jurors, of the evidence in the case.

But you should not hesitate to change an opinion which, after discussion with your fellow jurors, appears erroneous.

However, if, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered.

Your final vote must reflect your conscientious conviction as to how the issues should be decided. Your verdict on each count as to each defendant, whether guilty or not guilty, must be unanimous.

---

[67] Sand, Instruction No. 9-7.

**CONCLUSION**

The defense respectfully requests that the Court include the foregoing in its Instructions to the jury. In addition, the defense requests the opportunity to submit further instructions or amend those submitted as appropriate.