# JAMES KOUSOUROS

ATTORNEY AT LAW

260 Madison Avenue, 22nd floor, New York, NY 10016    Tel: 212•532•1934 Fax: 212•532•1939

80-02 Kew Gardens Road, Suite 1030, Kew Gardens, New York 11415    Tel: 718•575•5450 Fax: 718•793•0165

E-mail:james@kousouroslaw.com

June 11, 2012

*BY HAND DELIVERY*:
The Honorable George B. Daniels
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY  10007

**Re:**    **United States v. Isaak Khafizov S1 10 Cr. 709 (GBD)**

Dear Judge Daniels:

Enclosed herewith, please find Mr. Khafizov's Application for Pre-sentence Release on bond. We respectfully request a date as soon as possible and convenient to the Court and all parties, for this matter to be heard.

Thank you for your courtesy and consideration.

Very Truly Yours,

JAMES KOUSOUROS, ESQ.
*Attorney for defendant Isaak Khafizov*

cc:    Nicole Friedlander
       Niketh Velamoor
       Assistant United States Attorneys

       Isaak Khafizov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____x

UNITED STATES OF AMERICA,

-v-

Case No.: 10-CR-709 (GBD)

ISAAK KHAFIZOV,

Defendant.

_____x


## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF BAIL PENDING SENTENCING


James Kousouros
260 Madison Avenue, 22nd Floor
New York, New York 10016
*Attorney for Isaak Khafizov*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

UNITED STATES OF AMERICA,


                    -v-
                                                              Case No.: 10-CR-709 (GBD)


ISAAK KHAFIZOV,

                    Defendant.
_____x


## PRELIMINARY STATEMENT

Defendant Isaak Khafizov submits this Memorandum of Law in support of his application for his pre-sentencing release pursuant to **18 U.S.C. §§3143, 3145** and **3142**. We respectfully submit that notwithstanding Mr. Khafizov's recent conviction, there exist exceptional circumstances to justify Mr. Khafizov's release upon the greatly enhanced bail proposal submitted herewith.[1] This request is predicated upon Mr. Khafizov's loss and subsequent burial of his infant daughter on April 25, 2012 and his need to come to terms with this tragic loss and assist his wife in the wake of this tragic event which of course is now exacerbated by Mr. Khafizov's conviction and impending sentencing. Additionally, Mr. and Ms. Khafizov have recently lost their home to foreclosure and must vacate the home and relocate. This has only added to the immense pressure on this young couple and Ms. Khafizov in particular. This combination of events, we respectfully submit, warrants the granting of Mr.

---

[1] Mr. Khafizov was originally released on a bond in the amount $100,000.00 secured by his signature and a vehicle. The proposed bail package herein included three properties and several co-signors.

Khafizov's release pending sentence in this matter.

## BACKGROUND

On or about June 16, 2010, Isaak Khafizov was arrested in Queens, New York and later charged, along with Jaime and David Cassuto, with Conspiracy to Commit Mail and Wire Fraud, one Count of Wire Fraud and two Counts of Mail Fraud.  The Indictment alleged that as a part of a Scheme to Defraud, the defendants, from on or about June, 2008 through on or about June, 2009 defrauded homeowners in need of mortgage assistance through mortgage modifications.  (Attached hereto and labeled **Exhibit A** is a copy of the Indictment 10-CR-709).

Sometime in February or March of 2012 both Jaime and David Cassuto began cooperating with the government and entered guilty pleas. A superseding indictment was subsequently filed as to Mr. Khafizov on March 29, 2012.  (Attached hereto and labeled **Exhibit B** is a copy of the Superseding Indictment S1-10-CR-709).  A jury trial before the Honorable George B. Daniels commenced on May 7, 2012.  On May 17, 2012, a jury found Mr. Khafizov guilty on all counts in the superseding indictment.  Upon the rendering of the verdict, the government moved for Mr. Khafizov's detention. While the defense orally opposed the motion, we did not have documentary evidence to support our request for Mr. Khafizov's continued release on bond. Moreover, the defendant had not secured at that time the suretors and property submitted herewith to support our request for pre-sentence release.  The Court ordered Mr. Khafizov detained.

Mr. Khafizov was released on bond immediately after his arrest and for close to two years remained at liberty without incident.  We are informed by Pre-Trial Services that Mr.

Khafizov was in full compliance with the terms of the bond and as the Court is aware, Mr. Khafizov always appeared as directed throughout the trial and verdict in this matter.

In this application and as detailed, *infra*, Mr. Khafizov seeks brief pre-sentence release in order to assist his wife through her struggles to overcome the loss of their infant child and the resultant acute stress disorder that she has recently been diagnosed with.  Additionally, Mr. and Ms. Khafizov are losing their home to foreclosure and must relocate to a family member's home.  We believe that the circumstances herein fall within the ambit of this Court's discretion to order Mr. Khafizov's release notwithstanding the upcoming sentencing.

It is respectfully submitted that Mr. Khafizov does not pose a danger to the community, and is not a flight risk such that reasonable conditions to assure his appearance cannot be set. While we are certainly mindful as to the severity of the charges and potential punishment, we respectfully submit that there do exist conditions sufficient to justify the brief pre-sentence release of Mr. Khafizov requested herein. We submit herewith a proposed bail package for the Court's consideration and respectfully submit that this proposal is sufficient to satisfy any concerns as to Mr. Khafizov's appearance.

## THE STANDARDS FOR PRE-TRIAL DETENTION

At the outset, we recognize that given the post plea/conviction posture of this matter, the traditional analysis pursuant to **18 U.S.C. §3142** is first preceded by the dictates of **18 U.S.C. §§3143** and **3145**.  We address these statutes in the first instance and submit that this Court has the discretion to order the pre-sentence release of Mr. Khafizov based upon exceptional

circumstances, which we submit exist in this case. We then outline, pursuant to §3142, the traditional factors attendant to a detention analysis and submit that Mr. Khafizov poses neither a flight risk nor a danger to the community and that there are conditions of release which will assure the Court that Mr. Khafizov will appear for sentencing.

The legislature has created a system of escalating standards governing the district court's authority to release a defendant depending upon the juncture of the criminal justice system at which an application is made.  **18 U.S.C. §3143** provides the standard attendant to a defendant, like Mr. Khafizov, who has been convicted but not yet sentenced.  The statute provides that detention is in order if the defendant has been convicted of an offense described in subparagraph **(A)**, **(B)**, or **(C)** of subsection **(f)(1)** of **§3142** and is awaiting sentence thereon unless there is a substantial likelihood that a motion for acquittal will be granted, the government has recommended that a non-incarcatory sentence be imposed and the court finds that the defendant is neither a flight risk or a danger to the community. **§3145 (c)** grants this Court the discretion to release Mr. Khafizov, notwithstanding the provisions of **§3143** detailed above:

> A person subject to detention pursuant to section 3143 (a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143 (a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

Thus, pursuant to **§3145(c)**, this Court can order the release of Mr. Khafizov pending sentence if he poses neither a flight risk or danger to the community and if there exist "exceptional

reasons" as to why his release would be appropriate (**United States v Kinslow**, 105 F.3d 555 (10th Cir. 1997); See also, **United States v Lippold**, 175 F. Supp. 2d 537 (2001); **United States v DiSomma**, 951 F. 2d 494, 496 (2d Cir. 1991)[reviewing trial court's analysis of §3145(c)]; **United States v Carr**, 947 F.2d 1239, 1240 (5th. Cir. 1991)[holding that "exceptional reasons" language of §3145 may be applied by the court initially ordering the detention, despite its inclusion in a section generally covering appeals]. We submit that there are exceptional circumstances to justify Mr. Khafizov's release and that he is neither a flight risk or danger to the community.

*Exceptional Circumstances*

Approximately seven months ago, Mayan Khafizov, Mr. Khafizov's wife became pregnant and the couple later learned that they were expecting a baby girl. Over the course of the ensuing months, Mr. Khafizov was engaged in trial preparation while tending to his wife's medical needs. Originally the trial was scheduled to begin in February, 2012. It was later adjourned to May, 2012 and as the stress and preparation levels increased, both Mr. and Mrs. Khafizov spent the long days in our offices reviewing discovery and 3500 materials and preparing for a trial which we had learned would feature as government witnesses, one or both of the original co-defendants.

Approximately two weeks prior to the commencement of the trial, Mr. and Ms. Khafizov learned of certain complications having to do with the development of the fetus twenty two weeks into gestation. We have attached the medical reports reflecting the diagnosis and resultant follow up procedures leading to the termination of the pregnancy as **Exhibit C**. The couple first learned of possible complications having to do with the pregnancy on April 19, 2012

6

following a "microarray analysis" performed by Dr. Hajoon Chun, which detected an "abnormality in the DNA" of the fetus.  Following a fetal echocardiogram performed by Dr. Jeffrey Dayton on April 20, 2012, the couple learned that the chances of their child's survival upon delivery were bleak. Dr. Dayton's findings were a "tetralogy of Fallot", a complex fetal abnormality.  Dr. Dayton noted in a letter addressed to Dr. Kern, Ms. Khafizov's pediatric cardiologist,  that the fetal echocardiogram "demonstrated a large ventricular septal defect, overriding aorta, and pulmonary stenosis consistent with a diagnosis of tetralogy of Fallot".  Dr. Dayton explained to the Khafizovs that the severity of these defects can progress throughout the pregnancy. The couple was advised to undergo an amniocentesis for evaluation for DiGeorge syndrome which would only further complicate and lessen the child's chance of survival.[2] Dr. Dayton further discussed the options regarding legal termination of pregnancy in New York State and one week later, April 24, 2012, after the amniocentesis and a finding of "decreased fetal movement", Ms. Khafizov underwent an induced vaginal delivery at Flushing Hospital Medical Center of a stillborn child.

It was during this period that we requested, and the Court granted us a two week adjournment of the trial.  Both Mr. and Mrs. Khafizov were devastated by the loss of their first child.  In the weeks preceding this unfortunate and tragic event, Mr. and Mrs. Khafizov spent the long days in our office preparing for trial.  When the complications were discovered, Mr. Khafizov spent days with his wife attending sessions with the several physicians involved and both husband and wife were clearly despondent.  While the fact of the loss was clearly tragic,

---

[2] DiGeorge Syndrome is a disorder caused by a defect in chromosome 22, and results in the poor development of several body systems.

7

the manner in which this occurred was unfathomable.  Labor was induced and Mr. Khafizov saw his child and unlike early termination procedures, he had to arrange for a burial.  Ms. Khafizov was spared witnessing this, however, she learned of it during the trial and has been, as one would expect, greatly affected by this.

Following the above events, Ms. Khafizov became emotionally dependant on Mr. Khafizov and relied on him to care for her as she physically recovered from the delivery. While the couple was attempting to come to terms with the death of their infant, Mr. Khafizov attended almost daily appointments with the undersigned in order to review additional discovery materials and prepare for the upcoming trial. The couple had no time to properly mourn the loss of their child and only two weeks following these tragic events, the trial had commenced. The conviction has left this couple devastated.  To add to this mountain of misfortune, they have lost their home and Ms. Khafizov must move out of the house, with her and her husband's belongings

Ms. Khafizov only recently began therapy that was recommended to her following the loss of the child. As the trial was scheduled to begin and then began, Ms. Khafizov could not seek this help as she needed to support her husband. She was evaluated on May 24, 2012 by psychiatrist, Isak Isakov, MD, who diagnosed her with Acute Stress Disorder and prescribed Zoloft and Lorazepam.  Ms. Khafizov was subsequently diagnosed with Postpartum Major Depressive Disorder and Generalized Anxiety Disorder with Panic Attacks. Dr. Isakov noted on June 2, 2012 that Ms. Khafizov "feels worthless, hopeless and helpless" and that her treatment would be successful if she had the opportunity to reunite with her husband. Attached hereto

8

and labeled **Exhibit D** are Ms. Khafizov's most recent medical records which reflect Ms. Khafizov's ongoing struggle to come to terms with this devastating loss.  While the focus of her therapy is the loss of the child, this "trifecta" of tragic events, including the impending loss of her husband and their home, has only exacerbated the situation.  Ms. Khafizov has always impressed us as a strong willed young lady and while we all believe that she will emerge from this in good form, we ask that she be permitted to weather the immediate wake of these events with the assistance of her husband prior to the sentence scheduled for September, 2012. These are clearly exceptional circumstances sufficient to warrant the exercise of the Court's discretion to release Mr. Khafizov.

We ask the Court to note that our request is limited in time and scope. While we request a brief period for the purpose of Mr. Khafizov caring for his wife and providing the necessary emotional support for her through this difficult time, Mr. Khafizov would be prepared to re-enter the correctional facility upon his sentencing.  Mr. Khafizov would otherwise be on home confinement with strict conditions designated by the Court.

We now turn to the issues of risk of flight and danger to the community and respectfully submit that Mr. Khafizov presents neither a risk of flight or a danger to the community.

### ISAAK KHAFIZOV IS NOT A FLIGHT RISK AND THERE DO EXIST CONDITIONS OR A COMBINATION THEREOF WHICH WILL ASSURE HIS PRESENCE IN COURT AS DIRECTED

*18 U.S.C. §3142* delineates the factors to be considered by a judicial officer in making a determination as to whether conditions exist that will reasonably assure the appearance of the

accused as required and the safety of any other person and the community.   These

considerations are separated into the following categories:

 (1) the nature and circumstances of the offense charged, including

whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties,
employment, financial resources, length of residence in the community,
community ties, past conduct, history relating to drug or alcohol abuse,
criminal history, and record concerning appearance at court proceedings;
and
(B) whether, at the time of the current offense or arrest, the persons was
on probation, on parole, or on other release pending trial, sentencing,
appeal, or completion of sentence for an offense under Federal, State, or
local law; and

(4) the nature and seriousness of the danger to any person or the
community that would be posed by the person's release.

We submit that this is clearly a case in which there are available conditions which will

reasonably assure Mr. Khafizov's appearance and the safety of the community.   Given the

extant familial necessity herein, we submit that any statutory bar is overcome and that the

Court surely has the discretion to grant this request.


## THE NATURE AND CIRCUMSTANCES OF THE OFFENSE CHARGE

There is no question but that Mr. Khafizov is charged with a serious criminal offense

and of course we raise no question as to the evidence in the case as Mr. Khafizov has been

convicted of all counts in the superseding indictment. Instead we submit that the focus should

be on Mr. Khafizov's longstanding community ties, his clear and unwavering commitment to his family, the exceptional circumstances detailed above, and the conditions proposed in light of the above.

## HISTORY AND BACKGROUND, EMPLOYMENT AND COMMUNITY TIES OF ISAAK KHAFIZOV

Isaak Khafizov was born on ███████████ in The Republic of Tajikistan in Central Asia, and is 25 years of age.  Mr. Khafizov is a longstanding resident of New York and has substantial family and community ties in New York.  Mr. Khafizov's father, Manashiy Khafizov, and his mother Dora Abramova live in Queens.  Mr. Khafizov has eleven aunts and uncles, most of whom live in the New York area. He also has several cousins who live in the vicinity of Queens, New York.  Prior to his incarceration, Mr. Khafizov resided in Queens with his wife Mayan Khafizov. The couple has been together for nearly five years.  Upon the death of the Khafizov's child nearly seven months into Ms. Khafizov's pregnancy, Mr. Khafizov has remained by his wife's side and has done everything in order to assist her with her daily living needs.  Ms. Khafizov has no doubt that her husband will live up his familial responsibilities and never jeopardize the well being of those willing to support his release.

Mr. Khafizov attended High School in Queens, New York . Mr. Khafizov has always maintained employment both during and after his schooling.  Mr. Khafizov has no prior criminal history and, as noted, *supra*, had been released in this matter on a bond and scrupulously adhered to the conditions thereof.

During his teenage years, Mr. Khafizov worked at a tanning salon and with his father at

his hair salon. He has always been a devoted son to his parents and as will be more fully articulated in the coming months, he sacrificed much of his teenage years to come to the aid of his father during financial difficulties. Mr. Khafizov interrupted his college education in order to assist his father and after he entered into the mortgage industry he gave much of his initial earnings to help his father. He worked two jobs for several years.

It is respectfully submitted that Mr. Khafizov has the community and family ties and background which clearly demonstrate that he is not a flight risk and there is no reason to believe that Mr. Khafizov will not appear as directed. Under these circumstances, there is no factual or legal basis to find this defendant to be a flight risk such that conditions would not exist to secure his presence (**See, United States v. Friedman**, 837 F. 2d 48 (2d Cir. 1988)[reversed the lower court finding of a flight risk where the defendant was a lifelong New York resident, had no prior criminal record, had no passport or apparent ability to evade the court's jurisdiction, had worked gainfully in the United States for 25 years and had children living in the United States][3]; **United States v. Khashoggi**, 717 F. Supp 1048 (S.D.N.Y. 1989)[court held it would be an abuse of discretion to order pre-trial detention for a defendant with strong ties notwithstanding, *inter alia*, his citizenship in Saudi Arabia with whom the United States did not have an extradition treaty, his "enormous" wealth with which he could "facilitate a hasty departure from the jurisdiction" and the fact that his children lived abroad. [4]

The proposed bail package herein constitutes signatures of several friends and family

---

[3] The government is in possession of Mr. Khafizov's travel documents.
[4] Mr. Khafizov has no wealth to speak of and has lost his home to foreclosure. The proposed package herein consists of the life savings and futures of over a dozen individuals who could never be repaid the losses that they would sustain in the event of non-appearance.

members.  Mr. Khafizov's own sense of responsibility as well as the moral suasion resultant from the dire and devastating consequences which would befall both he, his family, as well as his friends who have volunteered to risk their financial well being to secure his release will ensure his return to this court. We submit that Mr. Khafizov's circumstances irrefutably warrant the granting of pre-sentencing release in this case.

## THE CONDITIONS PROPOSED BY THE DEFENSE WILL REASONABLY ASSURE MR. KHAFIZOV'S APPEARANCE AS REQUIRED

Mr. Khafizov's family and friends remain supportive of Mr. Khafizov and, as demonstrated below, have banded together to post a significant bail package in support of his hopeful release.   They are confident, without hesitation, that Mr. Khafizov will indeed abide by any conditions of release and that he would never jeopardize the well-being of his loved ones, both family and friends, who have shown such trust in him.  They are not wealthy people and they are pledging their financial future and well-being to secure Mr. Khafizov's release.  They would not do so if they had any inclination that he would not abide by the conditions set by the Court.  To follow is a proposed bail package which consists of three properties and numerous suretors who are willing to support Mr. Khafizov's release on a personal recognizance bond in an amount to be set by the court.  We propose a bond in the amount of $1,000,000.00 secured by signatures of the suretors, the surrender of all travel documents, and any other conditions which this Court deems appropriate.

## REAL PROPERTY

A.

13

This house is owned by Irit Ben Aharon, Mr. Khafizov's mother in-law. The home was purchased in December, 2011 and is valued at approximately $120,000.00. There is no outstanding debt on this home and there is thus approximately $120,000 in equity in the house (Annexed hereto and labeled **Exhibit E** are the Warranty Deed, Settlement Statement, Bill of Sale, Title documents and a wire transfer evidencing the partial payment for the house).

B.   ██████████████████████████████

This house is owned by Vladislav and Esther Ashurov, Mr. Khafizov's cousin and her husband.  This home was purchased in January 2010 and is valued at approximately $428,416.00. The outstanding debt is approximately $357,240 as of April 2012, leaving equity of approximately $71,000. Attached hereto and labeled **Exhibit F** are the NYC Finance Notice of Property Value documents, an NYC Property Assessment Roll and most recent mortgage statement.

C.   ██████████████████████████████

This house is owned by Samcho and Matob Kandchorov, Mr. Khafizov's aunt and her husband. This home was purchased in 2007 and is valued at approximately $753,000. The outstanding debt is approximately $133,788 as of May, 2012, leaving equity of approximately $620,000. Attached hereto and labeled **Exhibit G** are the Market Value History Report and the most recent mortgage statement for the house.

These three homes have an estimated value of $1,301,416 and equity of approximately $811,000.00.

**<u>ADDITIONAL</u> <u>SURETORS:</u>**

The following individuals have offered to sign a bond in order to secure the release of Mr. Khafizov prior to his sentencing:

A.   <u>Samcho and Matob Kandchorov</u>
Samcho Kandchorov                    Matob Kandchorov



Address: ███████████████████████████.

Ms. Kandchorov is Mr. Khafizov's aunt and Mr. Kandchorov is her husband. The couple has one young son, with whom Mr. Khafizov has always been very close. Ms. Kandchorov is a nail technician and we have attached and labeled **Exhibit H** Mr. and Ms. Kandchorov's most recent tax returns reflecting that the couple currently earns approximately $71,803.00 annually.

B.   <u>Asher Khafizov and Tatyana Mosheyeva</u>
Asher Khafizov                       Tatyana Mosheyeva



This is a Mr. Khafizov's brother and his wife.  The couple have two children with whom Mr. Khafizov spends much time with and visits frequently. Mr. Khafizov is currently employed as a hairdresser and he earns $30,473 annually. Ms. Mosheyeva is a stay at home mom. Attached and labeled **Exhibit I** is Mr. Khafizov's and Ms. Mosheyeva's most recent tax returns.

C.   <u>Dora Abramova and Manashiy Khafizov</u>
Dora Abramova                        Manashiy Khafizov

This is Mr. Khafizov' parents. Mr. Khafizov is a barber at Chelsea Barbers and has been a barber for the past decade. Mr. Khafizov earns approximately $17,400 annually. Ms. Abramova works at New York Downtown Hospital and earns approximately $52,682 annually.  Attached hereto and labeled **Exhibit J** are Mr. and Ms. Khafizov's most recent tax returns and pay checks from Chelsea Barbers.

D.    Aryel Fatakhov and Marina Krupnik
      Aryel Fatakhov                              Marina Krupnik

Mr. Fatakhov is Mr. Khafizov's cousin and Ms. Krupnik is his wife. The couple have two children they are self employed. Attached and labeled **Exhibit K** are Mr. Fatakhov's and Ms. Krupnik's most recent tax returns reflecting a gross income of $33,369.

E.    David Davydov

This is Mr. Khafizov's second cousin. Mr. Davydov is a physician's assistant in the department of Orthopedics at North Shore LIJ Health Systems and has been so for the past three years. Mr. Davydov earns approximately $111,843 annually.  Attached hereto and labeled **Exhibit L** is Mr. Davydov's most recent tax returns.

F.    Roman Yagudayev and Lyudmila Aranbayev

16

Roman Yagudayev                            Lyudmila Aranbayev



Ms. Aranbayev is Mr. Khafizov's cousin and Mr. Yagudayev is her husband. These families have always spent a lot of time together.  Mr. Yagudayev works at the New York Hospital Medical Center of Queens and Ms. Aranbayev is a Diabetes Educator and Novo Nordisk Inc. Attached hereto and labeled **Exhibit M** are the couple's pay stubs and most recent tax returns, reflecting a combined gross income of $194,630.

G.  Solomon and Esfira Fatakhov
Solomon Fatakhov                             Esfira Fatakhov



This is Mr. Khafizov's aunt and uncle. Ms. Fatakhov is Dora Abramova's sister.  Mr. Fatakhov is a real estate agent and Ms. Fatakhov works in human resources. Attached hereto and labeled **Exhibit N** are the Fatakhovs' pay stubs from their respective positions and most recent tax documentation reflecting.  a combined income of $31,835 in 2011.

H.  Vlad & Esther Ashurov
Vlad Ashurov                              Esther Ashurov



Ms. Ashurov is Mr. Khafizov's cousin and Mr. Ashurov is her husband. Mr. Ashurov works as a Tax Manager for Bulgari Corporation of America. Ms. Ashurov works at Omnicare Esc. LLC.

Attached hereto and labeled **Exhibit O** is Mr. Ashurov's proof of employment as well as the Ashurovs' tax returns from the past three years, reflecting a combined income of approximately $132,000 in 2011.

I.     Regina Abishayeva



This is Mr. Khafizov' cousin. Ms. Abishayeva has a young daughter. Ms. Abishayeva is currently employed at Brooke Plaza Optical Inc. and earns approximately $53,000 annually. Attached hereto and labeled **Exhibit P** is Ms. Abishayeva's employment documentation.

J.     Moysey Fatakhov

This is Mr. Khafizov's uncle. Mr. Fatakhov and his wife have one son. Mr. Fatakhov is currently employed at the Law Office of Rusadan Levi. Attached hereto and labeled **Exhibit** is Mr. Fatakhov's most recent tax returns reflecting an adjusted gross income of $97,740.

The above proposed bail package consists of suretors with combined incomes in excess of $800,000 yearly and property with equity in excess of $740,000.00. These suretors are family and close friends to Mr. Khafizov and they have clearly devoted much of their lives to their careers. Their judgment and support for Mr. Khafizov can be trusted. They have volunteered their life's saving and financial future knowing that Isaak Khafizov would never jeopardize their well-being and the financial security of their families. As has so often been stated, bail decisions are not merely a numbers analysis but a relative evaluation of the individuals who

have come forward and their respective assets and earnings. These suretors are not wealthy –
and yet what they have offered to post is all they have, not only from an asset standpoint but
from a future earnings standpoint. The suretors proposed here would lose everything they
have, now and for several years to come. There is no evidence to suggest that Mr. Khafizov
would ever permit this to occur.

    It is respectfully submitted that Mr. Khafizov is neither a flight risk nor a danger to the
community and that notwithstanding the fact of his plea, there are conditions of release which
will assure the Court that he will appear as required and abide by any and all conditions of
release imposed by the Court.  We submit that a bond in an amount to be set by the Court
secured by the proposed bail package herein will be sufficient in this case.  Mr. Khafizov will
abide by any and all conditions imposed by the court including electronic monitoring and any
other pre-sentence supervision deemed appropriate by the Court. Any and all travel documents
have already been surrendered and any other geographic restrictions on travel will be
scrupulously adhered to.  The only travel we request is for Mr. Khafizov to attend medical and
therapy sessions with his wife and to assist her in the relocation of their home within the
County of Queens.

    Based upon the foregoing, it is respectfully submitted that there do exist reasonable
conditions of release sufficient to assure Mr. Khafizov's appearance in court as directed.  As
such, it is respectfully requested that the Court grant Isaak Khafizov pre-sentencing release in
this matter.

Respectfully Submitted,

_____/s/_____

JAMES KOUSOUROS
260 Madison Avenue, 22nd Floor
New York, NY 10016
(212) 532-1934

cc:    Nicole Friedlander
        Niketh Velamoor
        Assistant United States Attorneys

        Isaak Khafizov