# JAMES KOUSOUROS

*ATTORNEY AT LAW*

260 Madison Avenue, 22nd floor, New York, NY 10016    Tel: 212•532•1934 Fax: 212•532•1939

80-02 Kew Gardens Road, Suite 1030, Kew Gardens, New York 11415    Tel: 718•575•3430 Fax: 718•793•0165

E-mail:james@kousouroslaw.com

DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  JUL 10 2012

June 27, 2012

*By fax: 212-805-6737 and*
*Regular mail*
The Honorable George B. Daniels
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**DENIED**

*George B. Daniels*
~~Judge~~ George B. Daniels

JUL 09 2012

Re:    **United States v Isaak Khafizov, et, al**
       **S1 10 Cr. 709 (GBD)**

Dear Judge Daniels;

This letter memorandum is respectfully submitted to request that the Court reconsider its decision of June 22, 2012 denying our motion to release Mr. Khafizov pending sentence in the above captioned matter.  Mr. Khafizov was found guilty after trial on May 17, 2012 and remanded on the government's motion.  On June 11, 2012 we filed a motion seeking Mr. Khafizov's release, and on June 19, 2012 the government filed its response.  On June 22, 2012, the court summarily denied our motion without a hearing or any opportunity for the defense to address the government's contentions.  We now seek leave to respond to the issues raised by the government, and respectfully ask that the Court reconsider its decision and grant us an opportunity to be heard further on the matter.  We submit that the government's assertions in opposition to our motion are without sufficient merit and do not support the summary denial of our motion.

At the outset and as set forth in our motion, we recognize that detention is appropriate in a post-verdict setting unless the defendant demonstrates by clear and convincing evidence that he is neither a flight risk nor poses a danger to the community  (18 USC §3143 (a) (1)).  In it's opposition the government cites the verdict itself, alleged non-compliance with Mr. Khafizov's pre-trial bail conditions and his alleged deception of the government during the pendency of this matter in requesting a modification of his bail conditions.  We submit that once placed in an

accurate context, these facts should not operate to justify a summary finding that Mr. Khafizov is a flight risk and/or a danger to the community.

A. Risk of Flight.

The government maintains that "the fact that the defendant is now facing such a significant sentence appears to present a significant and sudden change in his perceived circumstances" because by proceeding to trial Mr. Khafizov believed that he may have been acquitted.  Aside from stating the obvious – that a defendant against whom a guilty verdict has been entered may require a stronger showing to justify pre-sentence release – there is little to distinguish Mr. Khafizov from any other defendant who is convicted after trial and is continued at liberty. Certainly Rajat Gupta, recently convicted in this district of insider trading charges and released pending sentence, believed that he could be acquitted at trial with no less fervor than Mr. Khafizov.[1] Contrary to the government's skewed extrapolation, Mr. Khafizov has demonstrated his unwavering respect for the Court and all directives issued for his appearance in this matter.  There is nothing to suggest that he would conduct himself any differently if released on the dramatically enhanced bail package we have proposed. As we acknowledged in our original motion, the fact of the guilty verdict and ensuing sentence does warrant an escalation in the required security for release.  As a consequence, we have presented a bail package which consists of close to two million dollars in yearly earnings and equity in proposed property. We respectfully submit that this more than amply compensates for the change in circumstances cited by the government.

The government next maintains that Mr. Khafizov, failed to comply with his pre-trial release conditions of bail by the non-disclosure of bank accounts, notably that  for IF Management and Consulting, which was established at the trial as the account into which proceeds from the fraud were deposited.   From this the government speculates that there is "substantial reason to question the reliability of his claims about his current finances and his promises that he would not flee" (See, Government Response, page 2). We strongly disagree and ask that the Court consider the following: Mr. Khafizov was asked about his assets when he was arrested.  The IF account had absolutely no funds in it at the time of his arrest and was not being used by Mr. Khafizov for any purpose.  He was not hiding this account and as was amply established at the trial, Mr. Khafizov *never* hid or disguised this account from anyone.  Mr. Khafizov was clearly identified as the signatory to this account and funds deposited into this account were clearly earmarked as relating to American Home Recovery.

---

[1] While we certainly acknowledge that determinations for bail are dependent upon the particular defendant and the facts attendant to the situation, it is hard to imagine a defendant who proceeded to trial with a different assumption.  The fact is that in several, if not the majority of white collar prosecutions in this district, defendants are permitted to remain at liberty, albeit under stricter supervision and conditions.  We submit that Mr. Khafizov as well should be given this opportunity.

The other account referred to by the government was for IKE Management and Consulting (See, Government response, page 4, footnote 3). Here as well, there was absolutely no deception. The IKE account was used by Mr. Khafizov to receive payment for leads and other marketing services. The government's assertions to the contrary notwithstanding, this account was not hidden from Pre-Trial Services or the government. In fact, this was actually the account used to identify Mr. Khafizov when he checked in to pre-trial services. Mr. Khafizov has informed the undersigned that when he would report to pre-trial with the hand scan, the name "IKE Marketing and Consulting" would appear on the screen.

The other context in which this account was cited by the government was in its allegation that Mr. Khafizov "appears to have continued to engage in fraud even after being arrested in this case". The support for this is the government's assertion that in preparation for trial, it "uncovered another bank account controlled by the defendant in the name IKE Management and Consulting with large amount of cash moving through this account" (See, Government Response, page 4, footnote 3). The government further submitted a letter authored by Mr. Khafizov to Bank of America to explain deposits made to this account (Exhibit C to the Government's Response). These allegations are erroneous in every critical respect. First, as detailed herein, there was nothing to uncover. Mr. Khafizov disclosed this company to Pre-Trial Services and disclosed that this was a business account. Second, we are advised that there were never "large amounts of cash" involved in this account. Mr. Khafizov does not recall *any* cash deposits made into this account. The deposits were almost exclusively checks from his sales of leads and other services, and were not comprised of large amounts of cash. Mr. Khafizov does not recall the specific nature of the inquiry to which the letter to the bank was responsive; the letter, on its face does not pertain to cash deposits specifically and there is nothing "particularly" unpersuasive about the letter. In fact, the account remained open and active without further inquiry.

The government next posits that Mr. Khafizov misrepresented that he was attempting to refinance his home when he was covertly attempting to obtain a loan modification and that he submitted a false lease in this attempt. At the outset, these were facts known to the government prior to the trial and the government did not see fit to raise them in an attempt to revoke Mr. Khafizov's bail at any time. Substantively, however, we submit that these facts do not support the summary denial of our motion. With regard to the refinance/modification, Mr. Khafizov did initially attempt to refinance his home in an attempt to lower the payments. He was going to lose his home and instead of abandoning it, he did everything he could to remain in it. His bank refused to do the refinance and he then attempted, several times, to obtain a modification. Throughout this process, the lien on his father's vehicle had to be removed. Counsel communicated this to the government and the lien was removed. Our recollection is that this was for the initial purpose of a refinance, however, even if this were a miscommunication, the insidious behavior ascribed by the government to Mr. Khafizov is unwarranted. There was never any

attempt to hide the attempted refinance or the modification.  Mr. Khafizov was losing his home, he was trying to save it and the bank did require that the lien be removed.  These are all records easily obtainable by the government as is clear by their receipt of them pending the trial. The vehicle was never sold or disposed of further supporting the purpose for our request. It was, in fact, to facilitate the hopeful saving of the home.

   B.  Danger to the Community.

   We acknowledge that Mr. Khafizov has been found guilty of serious crimes; we seek neither to minimize nor mitigate that fact at this juncture.  Nevertheless, we respectfully submit that if released on bail for the limited purposes of relocating his wife and caring for her prior to the sentence, there is no realistic concern that he would inflict any economic harm upon others.

   The government cites the allegations concerning the IKE account as evidence of continued fraud. Again, we submit that this account was in no way hidden or used in an illegal manner.  As for the government's assertion as to the ease with which this defendant could commit further criminal activity, we submit that given the strict conditions proposed and the bond which would jeopardize the financial well being of over a dozen family members and friends and their families, there is little to no likelihood that any such conduct would be repeated.  There is nothing to suggest that this defendant, unlike others released in similar circumstances, poses any greater threat for the commission of further crimes. [2]

   While we fully recognize the severity of the crimes for which Mr. Khafizov has been found guilty, we respectfully submit that when the extant facts and circumstances are considered in an accurate and complete context, we have established by clear and convincing evidence that Mr. Khafizov is neither a flight risk or a danger to the community and that exceptional circumstances exist to justify his pre-sentence release.  Mr. Khafizov is 25 years of age and has lived in New York for most of his life. He has dozens of family members and friends in the community and has significant ties to this community.  While surely the Court must consider stringent conditions in light of the verdict and impending sentence, we have submitted a bail proposal with seventeen suretors with combined incomes in excess of $800,000 yearly and property with equity in excess of $740,000.  The financial security of over 35 individuals is involved in this proposal and these are all close family members and friends to Mr. Khafizov and his immediate family.  We submit that this defendant's promise to appear, along with the security offered, is sufficient to assuage any concerns as to a risk of flight. We further submit that Mr. Khafizov is not a danger to the community and that exceptional circumstances, as outlined in our original motion, exist in this case.

---

[2] Mr. Khafizov would close any bank accounts in his name if directed to do so.

Based upon the foregoing, we ask that the Court reconsider it's denial of our motion for pre-sentence release and grant bail in this case, or at a minimum, offer us an opportunity to be heard on this matter.

Respectfully Submitted,

James Kousouros

Cc:    Nicole Friedlander
       Niketh Velamoor
       Assistant United States Attorneys

       Isaak Khafizov