**MANDATE**

14-962-cr
*United States v. Khafizov*

N.Y.S.D. Case #
10-cr-0709-3(GBD)

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of May, two thousand fifteen.

PRESENT: JOSÉ A. CABRANES,
REENA RAGGI,
DENNY CHIN,
*Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 17, 2015

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                 No. 14-962-cr

ISAAK KHAFIZOV,

*Defendant-Appellant*,

JAIME CASSUTO, AKA Jay Cassuto, DAVID CASSUTO,

*Defendants.*[*]

**FOR ISAAK KHAFIZOV:**   ROBERT CALIENDO (Marc Fernich, Law Office of Marc Fernich, New York, NY, *on the brief*), Sercarz & Riopelle, LLP, New York, NY.

---

[*] The Clerk of Court is directed to amend the official caption to conform with the above.

**MANDATE ISSUED ON 06/17/2015**

**FOR UNITED STATES OF AMERICA:**	NIKETH VELAMOOR (Nicole Friedlander, Justin Anderson, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (George B. Daniels, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED in part and MODIFIED in part**.

Defendant Isaak Khafizov appeals from the District Court's March 19, 2014 judgment convicting him, after a jury trial, of one count of conspiracy to commit mail fraud and wire fraud, in violation of 18 U.S.C. § 1349, two counts of wire fraud, in violation of 18 U.S.C. § 1343, and one count of mail fraud, in violation of 18 U.S.C. § 1341, and sentencing him principally to 108 months' imprisonment and 3 years' supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

### I. Evidentiary Ruling

Where, as here, a defendant fails to raise a challenge to evidence in the district court, we review that challenge only for plain error. *United States v. Edwards*, 342 F.3d 168, 179 (2d Cir. 2003). To establish plain error, an appellant must demonstrate that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks and alterations omitted).

Upon review of the record and relevant law, we conclude that the District Court properly admitted the testimony of Laurie Maggiano, an employee of the U.S. Department of Treasury. Contrary to Khafizov's argument, Maggiano's testimony was not "opinion" testimony within the scope of either Federal Rule of Evidence 701 or 702. Rather, Maggiano testified based on her personal knowledge that she was not aware of any mortgage modification programs in the Economic Stimulus Act of 2008—a fact directly relevant to Khafizov's fraudulent misrepresentations to the contrary. *See United States v. Cuti*, 720 F.3d 453, 458 (2d Cir. 2013). Accordingly, the District Court did not commit error, much less plain error, in admitting it.

2

## II. Jury Instructions

"We review challenged jury instructions *de novo* but will reverse only if all of the instructions, taken as a whole, caused a defendant prejudice." *United States v. Applins*, 637 F.3d 59, 72 (2d Cir. 2011) (internal quotation marks omitted). "The defendant bears the burden of showing that the requested instruction accurately represented the law in every respect and that, viewing as a whole the charge actually given, he was prejudiced." *Id.* (internal quotation marks and alterations omitted). Where a defendant does not object to a jury charge at trial, we review the instructions for plain error. *See United States v. Middlemiss*, 217 F.3d 112, 121 (2d Cir. 2000).

As to Khafizov's unpreserved challenge to the District Court's supplemental jury instruction, we hold that the instruction was entirely proper. The supplemental instruction that "[a]ny negligence, carelessness or gullibility on the part of the victims is not a defense to any of the charges" was directly responsive to the jury's request to repeat the instructions on "gullible or naïve witnesses" and "prudence." App. 352, 358. We see no error in not repeating, *sua sponte*, the instructions on materiality, which were neither clearly requested by the jury nor required to articulate a proper supplemental instruction. *See United States v. Civelli*, 883 F.2d 191, 195 (2d Cir. 1989) ("If a supplemental charge is legally correct, the district court enjoys broad discretion in determining how, and under what circumstances, that charge will be given.").

As to Khafizov's challenge to the instructions on mail fraud, we conclude that those instructions also were entirely proper. Khafizov's counsel conceded at trial that he was "not in any way suggesting that the Court's instruction was erroneous." App. 345. Indeed, the District Court properly instructed, *inter alia*, that "good faith on the part of the defendant is a complete defense of the charges of fraud," App. 327, which in sum and substance covered the same ground as Khafizov's proposed instruction. *See United States v. Alkins*, 925 F.2d 541, 549 (2d Cir. 1991) ("Good faith is a complete defense to a mail fraud charge."). Accordingly, on this record, we find no error in the District Court's instructions.

## III. Sentencing

Where, as here, a defendant has not preserved a claim of procedural unreasonableness, we review the claim for plain error. *United States v. Doe*, 741 F.3d 359, 364 (2d Cir. 2013). A sentence is procedurally unreasonable if the district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013) (internal quotation marks omitted).

On this record, we discern no error, much less plain error, in the District Court's sentence. Contrary to Khafizov's argument, the District Court did not penalize him for asserting his innocence

3

when it noted that he had "demonstrated no acceptance of responsibility" until after trial. App. 412. Instead, the record reveals that the District Court merely was evaluating the weight to afford Khafizov's purported remorse as a mitigating factor in sentencing. *See United States v. Whitten*, 610 F.3d 168, 195 (2d Cir. 2010) ("We maintain a distinction between *increasing* the severity of a sentence for a defendant's failure to cooperate and refusing to grant *leniency*." (internal quotation marks omitted)). Accordingly, the District Court's sentence was not procedurally unreasonable.

Finally, Khafizov argues, and the Government agrees, that the District Court, in its oral pronouncement of sentence, improperly delegated to the Probation Office authority to modify the restitution payment schedule set forth by the District Court. *See United States v. Porter*, 41 F.3d 68, 71 (2d Cir. 1994) (holding that sentencing court may not authorize probation officer to make post-sentencing decisions as to "the scheduling of installment payments"). Although the written judgment of conviction did not contain this improper delegation, the oral sentence ordinarily controls when there is a conflict between the oral sentence and the written judgment. *See United States v. Asuncion-Pimental*, 290 F.3d 91, 93 (2d Cir. 2002) ("[I]t is the oral sentence which constitutes the judgment of the court, and which is authority for the execution of the court's sentence. The written commitment is mere evidence of such authority." (internal quotation marks omitted)). Accordingly, in these circumstances, it is appropriate to modify the District Court's oral pronouncement of sentence to remove the improper delegation, and it is hereby so modified.

## CONCLUSION

We have considered all of the arguments raised by Khafizov on appeal and find them to be without merit. For the reasons stated above, the District Court's March 19, 2014 judgment is **AFFIRMED in part and MODIFIED in part**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit